■ VINCENT J. PURTIGNANO, Appellant, v KIDDER, PEABODY AND CO., INC., et al., Respondents. — In a defamation action, plaintiff appeals from an order of the Supreme Court, Westchester County (Delaney, J.), dated August 18, 1983, which granted the defendants' motion to compel arbitration and to stay the action pending arbitration.

Order affirmed, with costs.

Plaintiff commenced employment with defendant Kidder, Peabody & Co., Inc., on or about November 17, 1980. His employment was terminated in March 1982.

When hired, plaintiff was required to complete a form supplied by the New York Stock Exchange pursuant to its rules. The agreement provided, in part, that "[a]ny controversy between me and any member or member organization arising out of my employment or the termination of my employment shall be settled by arbitration at the instance of any such party in

accordance with the arbitration procedure prescribed in the Constitution and Rules then obtaining of the Exchange".

In addition, plaintiff executed an American Stock Exchange application which had a similar arbitration clause.

The issue on this appeal is whether an employee who agrees to submit to arbitration any conflict arising out of the termination of his employment is required to arbitrate his claim that alleged defamatory statements were made about his conduct as an employee even though the employee had left the defendant's employ prior to the time the statements were uttered.

An examination of the complaint supports the conclusion that the alleged defamation, which pertains to plaintiff's conduct while employed by Kidder, Peabody & Co., Inc., arose out of the termination of plaintiff's employment. Moreover, the New York Stock Exchange agreement, referred to above, contains a provision indicating that it would terminate one year after plaintiff left his employment unless plaintiff was notified otherwise. Inasmuch as the alleged defamatory statements arose out of the termination of plaintiff's employment and were made within said time, the agreement to arbitrate remained in existence and the dispute involved must be submitted to arbitration. Consequently, Special Term was correct in granting the motion to compel arbitration and staying this action pending the arbitration (cf. De Sapio v Kohlmeyer, 43 AD2d 76, affd 35 NY2d 402). Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.