In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and ALICE McCABE, Respondent.

First Department, October 10, 1963.

*Gerald E. Bodell* of counsel (*Watters & Donovan,* attorneys), for appellant.

*Theodore Weinstein* of counsel (*Harry Reichenbaum,* attorney), for respondent.

EAGER, J.  The respondent, on May 30, 1962, while operating a motor vehicle, was involved in a collision with another vehicle which was uninsured. On September 14, 1962, as an " insured " under the New York Automobile Accident Indemnification Endorsement upon a policy of liability insurance issued to the respondent, she filed a written notice of intention to make claim against MVAIC.

The policy endorsement contained the standard provisions for arbitration in the event the parties do not agree that the claimant " is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement ". Pursuant to these provisions, the respondent, on December 12, 1962, served

upon MVAIC a notice of intention to arbitrate, and it is undisputed that the notice and manner of service were in form fully in compliance with the provisions of subdivision 2 of section 1458 of the Civil Practice Act hereinafter referred to.

Following the receipt of the demand for arbitration, and on February 12, 1963, MVAIC, claiming the right to examine the respondent, served a request therefor. MVAIC's alleged right to an examination was based upon the provision of the indemnification endorsement, under the heading "Conditions", reading that, "The insured and every other person making claim hereunder shall as may reasonably be required submit to examinations under oath by any person named by MVAIC and subscribe the same."

The respondent refused to submit to the examination, claiming that MVAIC had waived its right thereto. Thereupon, on April 3, 1963, on the basis of such refusal, MVAIC moved for a stay of arbitration. Special Term denied the motion upon the ground that MVAIC's right to a stay was barred by the 10-day limitation period provided by subdivision 2 of section 1458 of the Civil Practice Act (now CPLR, § 7503, subd. [c]).

We agree with Special Term that the motion by MVAIC for a stay should be denied but do not agree that the provisions of the particular statute are applicable.

Firstly, it is to be noted that the question here is one of first impression in this court and that the decisions of *Matter of MVAIC* v. *Smith* (18 A D 2d 889) and *Matter of MVAIC* v. *Rosa* (19 A D 2d 710), are neither controlling nor helpful. Said decisions were concerned solely with the question whether or not, under the particular circumstances, MVAIC had waived or lost by laches its right to an examination of the claimant, and we did not there consider the applicability or effect of subdivision 2 of section 1458 of the Civil Practice Act.

The statute, now subdivision (c) of section 7503 of the Civil Practice Law and Rules (see former sections 1450, 1448-a, 1458, 1458-a of the Civil Practice Act) deals with the "threshold questions" to be determined by the court before staying arbitration, namely, (1) whether a valid agreement for arbitration was made; (2) whether such agreement was complied with; and (3) whether respondent is precluded from asserting in court the bar of a limitation of time. (See the statutes, and Practice Commentary [by Peter W. Thornton] McKinney's Cons. Laws of N. Y., Book 7B, Civil Practice Law and Rules, p. 488.)

The statute does provide in effect that a party, upon whom a notice of intention to arbitrate is duly served, shall be precluded from raising any of said three questions unless his application

for a stay is served within 10 days after service upon him of the notice. But no one of these particular questions is presented in connection with the application here.

Concededly here we have a valid agreement for arbitration, and there is no claim that such agreement has not been complied with. The right of MVAIC to an examination of the respondent, though made a condition for its liability under the indemnification endorsement, is not a condition precedent to its obligation to arbitrate.

No doubt, however, there is power in the court to entertain MVAIC's application. Notwithstanding the pendency of an arbitration proceeding, the court is expressly given the power to direct an examination of a MVAIC claimant '' to aid in arbitration '' (CPLR, § 3102, subd. [c]); and, possessing such power, it would also have the power to stay the arbitration pending the holding of the examination. Having the authority to direct an examination of a party pending an arbitration proceeding is one thing, but whether the court shall exercise it in a given case is another matter.

We have heretofore forcibly stated our views with respect to court directed and controlled examinations pending arbitration proceedings. In *Matter of Katz (Burkin)* (3 A D 2d 238), we stated: '' We are of the view that examinations before trial under court aegis should not be granted in such proceedings except under extraordinary circumstances such as the demonstrated need of reaching a witness or evidence which is unavailable without a court order. Necessity rather than convenience should be the test.

'' This view is dictated by the consideration that an arbitration proceeding is, except in specified particulars, outside the court realm and jurisdiction — deliberately so taken out of the court by choice and commitment of the parties. Arbitration is subject to its own rules and practices at variance with court procedures. It is supposed to be a complete proceeding, without resort to court facilities, for handling and disposing of a controversy submitted to arbitration. It would be generally incompatible with the nature and scope of an arbitration proceeding to allow a shift to the court forum of that part of a proceeding relating to the prehearing examination of witnesses or collection of evidence.''

True, here, the respondent is obligated by contract to submit to an examination by MVAIC. But the contract further provided for arbitration of certain issues, and the proceeding with arbitration is not conditioned upon the prior holding of the examination. Furthermore, here it does not appear that MVAIC

is seeking to examine the respondent with relation to any non-arbitrable issue which should be determined prior to arbitration. In fact, by reason of its failure to move within 10 days after service of the notice of intention to arbitrate and by virtue of the provisions of said subdivision (c) of section 7503 of the Civil Practice Law and Rules, MVAIC is precluded from seeking a determination of any such nonarbitrable issue as a condition precedent to arbitration.

MVAIC should be relegated to its rights and remedies in the arbitration forum. Where a party agrees to the settlement of disputes by arbitration, he is deemed to have consented to a limitation of his rights and remedies to the extent necessary to give full effect to such agreement and to the jurisdiction of the arbitrators acting thereunder. By voluntarily becoming a party to the contract in which arbitration was the agreed mode for settling disputes thereunder, a party chooses "to avail itself of procedures peculiar to the arbitral process rather than those used in judicial determinations" (*Commercial Solvents Corp.* v. *Louisiana Liq. Fertilizer Co.*, 20 F. R. D. 359, 361). So, as incidental to an agreement for arbitration, the parties commit to the arbitrators the matter of procedure with reference to the examination of parties and witnesses and the taking and receipt of evidence. The method of assembling the evidence and the effect thereof are to be left entirely to them. Court action, having a tendency to interfere with the prerogatives of the arbitrators or to delay their proceedings is not justified except where shown to be absolutely necessary for the protection of the rights of a party.

MVAIC may be fully protected in its right to have an examination of the respondent by proper proceedings before and by the arbitrators. Speaking of the powers of arbitrators generally and absent an agreement by the parties to the contrary, Mr. Justice STEUER has said: "If they [the arbitrators] wish to let one party question the other without being bound by his answers they will do so. If they wish to allow the questioner further opportunity to investigate after receiving the answers they will do so. What more is there to an examination before trial? On the other hand if the arbitrators do not so elect, the court is powerless to compel them to accept the result. They cannot be directed to accept such excerpts as the examiner may care to use. In addition the scope of such examination must be limitless because there being no rules of materiality it is impossible to put bounds on the examination. No court can say what will or should interest the arbitrators." (*Duberstein Iron & Metal Co.* v. *Bache & Co.*, N. Y. L. J., June 4, 1951, p. 2054, col. 6.)

All that MVAIC might secure by court-directed examination may be developed before the arbitrators. The arbitrators, in accordance with the contractual terms, may permit a preliminary examination of the respondent by MVAIC. Then, following the factual disclosure developed on any such examination, they may allow a continuation of the proceeding to afford further time to investigate. Therefore, there is no need at all for a court to order an examination for the protection of MVAIC. In fact, on the record here, it does not appear that directed examination would serve any useful purpose and, moreover, the proceeding for a stay has the tendency to unduly delay the arbitration to which MVAIC has expressly agreed. (See, further, *Kallus* v. *Ideal Novelty & Toy Co.*, 45 N. Y. S. 2d 554; *Matter of Schwartz*, 127 Misc. 452; *Matter of Stiller Fabrics [Saphier Assoc.]*, 1 Misc 2d 787. Also Russell, Arbitration [16th ed.], p. 127.)

To summarize, the statutory provisions for a stay pending the determination of the " threshold questions " do not apply, nor is there any showing here of the extraordinary circumstances necessary to justify the court, in the exercise of its discretion, to assume jurisdiction to direct the requested examination " in aid of arbitration." Therefore, and for the reasons stated herein rather than for the reasons given at Special Term, the order denying the stay should be affirmed, without costs.

Botein, P. J., Breitel, Rabin and Steuer, JJ., concur.

Order, entered on April 18, 1963, unanimously affirmed, without costs.