■ In the Matter of MICHAEL Z. GHITELMAN, Appellant, v LYNN M. GHITELMAN et al., Respondents.—Judgment of the Supreme Court, New York County (Carol E. Huff, J.), entered on or about October 17, 1989, which denied the petition seeking a stay of arbitration and vacatur of respondent American Arbitration Association's request for documents relating to petitioner's counsel fees, is unanimously affirmed, with costs and disbursements.

Pursuant to the terms of their separation agreement, petitioner's former wife became eligible for payment of reasonable attorney's fees and related expenses from the petitioner upon the arbitration panel's determination that petitioner had defaulted on his maintenance and support obligations. Petitioner contested the wife's claim for attorney's fees as excessive in that the alleged fees were three times the amount of what was sought in the underlying proceeding. The arbitrators requested that the parties brief the attorney's fee issue and, further, directed that they produce all pertinent legal billings, including billings made by petitioner's counsel to petitioner's business concerns. Testimony by the wife at the arbitration hearing indicated that petitioner's business enterprises had been assuming petitioner's personal legal expenses.

Generally, where parties voluntarily agree to arbitration, they commit to the arbitrators the matter of the procedure relating to, in part, the taking and receipt of evidence *(see, Matter of MVAIC [McCabe],* 19 AD2d 349). Since arbitrators are not bound by the rules of evidence, the methods which they adopt to obtain evidence, and their utilization of the evidence procured, is a matter for their discretion. Absent a clear demonstration that statutory grounds exist for vacatur of the award (not appropriate at this juncture), a reviewing court will not concern itself with the form or sufficiency of the evidence that is before the arbitrators *(see, Korein v Rabin,* 29 AD2d 351). The arbitrators in the instant situation reasonably exercised their discretion by requesting the legal invoices of both parties *(see, Lentine v Fundaro,* 29 NY2d 382). Concur— Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.