■ In the Matter of ENRIQUE H. BARGIONI, Respondent. RICHARD B. FISHER et al., Appellants. [596 NYS2d 67] —Order, Supreme Court, New York County (Bruce McM. Wright, J.), entered December 15, 1992, which granted petitioner's motion to compel compliance with certain subpoenas, unanimously reversed, on the law, and the motion denied, without costs. Judicial interference with the conduct of an arbitration proceeding should generally be avoided unless "absolutely necessary for the protection of the rights of a party" *(Matter of MVAIC [McCabe],* 19 AD2d 349, 353; *see also, Matter of Ghitelman v Ghitelman,* 160 AD2d 528). On the record before us, the decision of the arbitrators refusing to order that respondents appear at the arbitration cannot be said to fall within that exception, as there has been no showing that respondents have any significant personal knowledge of the facts surrounding petitioner's termination of employment. Under such circumstances, judicial enforcement of the subpoenas seeking to compel respondents' attendance was inappro-

priate. Concur—Milonas, J. P., Ellerin, Ross, Kassal and Rubin, JJ.