■ In the Matter of the Arbitration between NEW YORK STATE INSPECTION, SECURITY AND LAW ENFORCEMENT EMPLOYEES, DISTRICT COUNCIL 82, AFSCME, AFL-CIO, on Behalf of WILLIAM FORTIER, Appellant, and DEPARTMENT OF CORRECTIONAL SERVICES OF THE STATE OF NEW YORK, Respondent. [642 NYS2d 391] —Spain, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered February 10, 1995 in Albany County, which, *inter alia*, dismissed petitioner's application pursuant to CPLR 7511 to vacate an arbitration award.

William Fortier was employed by respondent as a correction officer at the Otisville Correctional Facility in Orange County. On January 8, 1994, Fortier was assigned as relief officer to a crew of four inmates involved in a snow plowing operation. At approximately 10:30 A.M. that morning, one of the inmates was assaulted and seriously injured by one of the other correction officers on duty. Fortier was charged by respondent with having witnessed the incident without doing anything to stop it, submitting a false statement regarding the incident and providing inaccurate and misleading information to an investigator. On January 20, 1994, Fortier was suspended from his position without pay and served with a formal notice of discipline charging him with said misconduct. A grievance was filed and, following an arbitration hearing, the arbitrator determined that Fortier was guilty of the charges, that respondent had probable cause to suspend Fortier and that dismissal was the appropriate penalty. Petitioner thereafter commenced this proceeding on Fortier's behalf seeking to vacate the arbitrator's

award. Supreme Court dismissed the petition and confirmed the award. This appeal followed.

We affirm. Petitioner argues that the arbitrator violated CPLR 7511 (b) (1) (i) and (iv) by, *inter alia*, accepting certain hearsay documents into evidence. However, "it is well settled that an arbitrator is not bound by technical rules of evidence, and the admission of evidence that might well be precluded in a court of law is not sufficient cause for vitiating an award unless the mistake or error of law is so gross or palpable as to amount to fraud or misconduct" (*Matter of Pierre [General Acc. Ins.]*, 100 AD2d 705, *lv denied* 63 NY2d 601; *see, Block v St. Paul Fire & Mar. Ins. Co.*, 137 AD2d 475). Here, even assuming errors were made with respect to some of the documents admitted into evidence by the arbitrator, we do not find such errors to be so gross or palpable as to justify vitiating the award. In our view, Supreme Court correctly ruled that petitioner has failed to establish a statutory ground for vacating the award (*see, Matter of Ghitelman v Ghitelman*, 160 AD2d 528).

Petitioner's remaining arguments, including its claim that it was misled by certain statements made by the arbitrator concerning how the subject documents were to be utilized, have been examined and found to be either unpersuasive or insufficient to establish grounds for vacatur.

Mercure, J. P., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.