Matter of Troy City Sch. Dist. (Troy Teachers Assn.) (2024 NY Slip Op 06096)

Matter of Troy City Sch. Dist. (Troy Teachers Assn.)

2024 NY Slip Op 06096

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1837
[*1]In the Matter of the Arbitration Between Troy City School District, Appellant, and Troy Teachers Association, Respondent.

Calendar Date:October 7, 2024

Before:Egan Jr., J.P., Aarons, Pritzker and McShan, JJ.

Guercio & Guercio LLP, Latham (Anthony J. Fasano of counsel), for appellant.
Robert T. Reilly, New York State United Teachers, Latham (Nicholas V. Martiniano of counsel), for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Richard J. McNally Jr., J.), entered September 20, 2023 in Rensselaer County, which denied petitioner's application pursuant to CPLR 7511 to vacate and annul an arbitration award.
Petitioner challenged an arbitration decision which reversed its reassignment of one of its teachers, Mariana Brunell (hereinafter the teacher), represented by respondent. In June 2021, Tracy Ford, principal of School 16 in petitioner's district, reassigned the teacher from second grade to kindergarten for the 2021-2022 school year. The teacher submitted a grievance to petitioner's superintendent, John Carmello, claiming that the principal's decision did not follow the terms of Article IX of the collective bargaining agreement (hereinafter CBA) between petitioner and respondent. The superintendent subsequently denied the grievance and the teacher demanded arbitration. The arbitration proceeding occurred in July 2022, wherein the arbitrator was to determine whether petitioner violated Article IX (A) (6) of the CBA when it reassigned the teacher. Ultimately, the arbitrator determined that petitioner did not properly weigh the factors for reassignment, sustained the grievance and directed petitioner to reassign the teacher back to second grade. Petitioner subsequently commenced this proceeding to vacate the arbitration award pursuant to CPLR 7511 (b) (1) (iii), arguing that the arbitrator's decision was irrational and that he exceeded his powers. Supreme Court found that petitioner did not satisfy its burden of proof to demonstrate grounds for revocation of the award and denied the petition. Petitioner appeals.
Petitioner contends that the arbitrator's decision was irrational and thus exceeded his authority. "Judicial review of arbitral awards is extremely limited. Pursuant to CPLR 7511 (b) (1), a court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power. Aside from those circumstances, courts may not vacate an award based on their disagreement with the reasoning or outcome, even if the arbitrator made errors of law or fact" (Matter of Livermore-Johnson [New York State Dept. of Corr. & Community Supervision], 155 AD3d 1391, 1392 [3d Dept 2017] [internal quotation marks, brackets and citations omitted]; accord Matter of Capital Dist. Transp. Auth. [Amalgamated Tr. Union, Local 1321], 173 AD3d 1542, 1543 [3d Dept 2019]). "An award is irrational if there is no proof whatever to justify the award" (Matter of Buffalo Teachers' Fedn. [Board of Educ. of Buffalo City Sch. Dist.], 227 AD3d 1435, 1437 [4th Dept 2024] [internal quotation marks and citation omitted]). "A party seeking to overturn an arbitration award bears a heavy burden and must establish a ground for vacatur by clear and convincing evidence" (Matter of Douglas Elliman of LI, LLC v O'Callaghan, 220 AD3d 945, 946 [2d Dept 2023] [internal quotation marks and citations omitted[*2]]).
Here, as stipulated by the parties, the issue for the arbitrator to decide was whether petitioner violated Article IX (A) (6) of the CBA when it reassigned the teacher to kindergarten. The language of Article IX (A) (6) of the CBA provides that the following principles shall be applied in the reassignment or transfer of teachers: "(a) [t]he educational welfare of the child; (b) [t]he convenience and wishes of the teacher applicant; (c) [i]ndividual qualifications; (d) [i]nstructional requirements; (e) [s]taff availability; (f) [t]he special needs of the school; (g) [t]he recommendations of the [p]rincipal; [and] (h) [w]here the foregoing factors are substantially equal in the opinion of the [s]uperintendent, preferences in assignments or transfer shall be given to the incumbent applicant with the greater number of years of service in the Troy School System." During the arbitration hearing, the arbitrator heard testimony from the teacher, the principal and the superintendent. The teacher recounted the struggles she anticipated with the reassignment to kindergarten due to her chronic back issues, which could interfere with her ability to interact with such young children. The teacher also had concerns about her lack of experience teaching kindergarten, testifying that she had attended college 27 years prior and, since that time, had only worked with children who came to her knowing how to read, rather than teaching kindergartners how to read. She relayed this information to both the principal and the superintendent.
The principal testified to what information he considered in making his recommendation to reassign the teacher and how he weighed the factors listed in the CBA. The principal touted that petitioner had maintained great academic achievement from its students, in part from a looping program wherein teachers would move up in grade levels with their students. He explained that the teacher's extensive experience teaching at higher levels would give her critical insight into what is required of students to be successful at the higher grade, such that she can begin working with students in younger grades to achieve success later in their educational careers. He felt that her lack of experience teaching kindergarten was outweighed by the value of her experience at the higher grade levels. Significantly, the principal's testimony revealed that his primary concern when determining the teacher's reassignment was the educational welfare of the children and, to that end, continuing to grow the school's record of high academic performance. The superintendent testified as to his part in the decision-making process of the teacher's reassignment. He echoed many of the same statements that the principal testified to, especially prioritizing the educational welfare of the children. The superintendent testified that he considered all seven factors in the CBA when recommending affirmance of the principal's recommendation. The superintendent stated that [*3]the teacher's extensive qualifications working with the higher grade levels and her great success made her an excellent candidate to work with some of their younger students and continue to grow petitioner's track record of success.
The arbitrator ultimately found that, "[u]pon review of the record in this case, . . . it is clear that in making his decision to involuntarily transfer [the teacher] from second grade to kindergarten, [the principal's] attention was focused solely on criterion (a), the educational welfare of the child, and (g) the recommendation of the [p]rincipal." In reaching this determination, the arbitrator found that, when deciding whether to reassign the teacher to kindergarten, the principles of (b) the convenience and wishes of the teacher, (c) individual qualifications, (d) instructional requirements and (e) staff availability were "lacking."
We disagree with petitioner that the arbitrator's decision was irrational because he based his decision on events that occurred subsequent to the decision to reassign the teacher for the 2021-2022 school year. Even if we were to find that the arbitrator's consideration of subsequent events was erroneous, "it would not justify vacating the award" (Matter of Barron [State of N.Y. Off. of Mental Health], 135 AD3d 1111, 1113 [3d Dept 2016], lv denied 27 NY3d 905 [2016]; see Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO, [Department of Correctional Servs. of State of N.Y.], 227 AD2d 856, 857 [3d Dept 1996]). To that end, the arbitrator's consideration of events subsequent to the superintendent's decision primarily affected the analysis as to the principles of (d) instructional requirements and (e) staff availability. Indeed, the arbitrator's determination that the principles of (b) the convenience and wishes of the teacher and (c) individual qualifications had not been sufficiently considered was based largely on circumstances known to the principal at the time of his decision. Thus, petitioner has not demonstrated that "there was no proof whatever to justify the award so as to render it entirely irrational" (Matter of Roberts v City of New York, 118 AD3d 615, 617 [1st Dept 2014] [internal quotation marks and citation omitted]) and thus "justify vitiating the award" (Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO [Department of Correctional Servs. of State of N.Y.], 227 AD2d at 857). Accordingly, Supreme Court properly determined that petitioner failed to meet its burden of proof in demonstrating that the award was irrational and thus exceeded the arbitrator's authority (see Matter of Spence [Cruz], 223 AD3d 1035, 1037 [3d Dept 2024]; Matter of Diaz v Kleinknecht Elec., 123 AD3d 1304, 1306 [3d Dept 2014]; Matter of New York State Inspection, Sec. & Law Enforcement Empls., Dist. Council 82, AFSCME, AFL-CIO [Department of Correctional Servs. of State of N.Y.], 227 AD2d at 857). To [*4]the extent not specifically addressed herein, we have examined petitioner's remaining contentions and find them to be without merit.
Egan Jr., J.P., Aarons and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.