◼ In the Matter of the HARTFORD ACCIDENT & INDEMNITY COMPANY, Respondent, v COUNTRY-WIDE INSURANCE COMPANY, Appellant.—In a proceeding, *inter alia,* to confirm an arbitration award, the Country-Wide

Insurance Company (Country-Wide) appeals from (1) a judgment of the Supreme Court, Westchester County, entered June 22, 1977, which, *inter alia,* confirmed the award in favor of petitioner, the Hartford Accident & Indemnity Company (Hartford), and denied its cross petition to vacate or modify the award and (2) an order of the same court, entered August 15, 1977, which denied its motion to renew the cross petition. Judgment and order affirmed, with one bill of $50 costs and disbursements to cover both appeals. This is a proceeding to confirm an arbitration award under New York's no-fault automobile insurance law. The arbitration arose from an accident which occurred on February 15, 1974, when the claimant, who was pushing her husband's disabled vehicle, was injured by a vehicle insured by Hartford. The husband's vehicle was insured by Country-Wide. The claimant sought recovery of no-fault benefits from Hartford, which agreed to handle the claim on the assumption that the claimant had the status of a pedestrian and, consequently, was covered under its policy. After an investigation, Hartford concluded that the claimant had legally been an occupant of her husband's automobile and not a pedestrian. Hartford sought to recover benefits paid to the claimant from Country-Wide, which refused. Hartford applied for arbitration to determine which insurer was responsible for making the payments. Hartford contended that it was not ultimately liable for payments under section 674 of the Insurance Law, since its insured was free from fault. Country-Wide filed a cross application under section 674, seeking recovery of benefits paid to the husband, who was also allegedly injured in the collision. Prior to arbitration, the claimant and her husband commenced a personal injury action against Hartford's insured. Country-Wide requested that the arbitration be deferred in view of the pending litigation. The arbitration panel assigned to the case agreed to defer determination of the question of fault, but declined to postpone arbitration on the question of coverage, i.e., which insurer was responsible for making first-party payments. The panel ruled in favor of Hartford on the question of coverage. Subsequently, the Committee on Insurance Arbitration determined that the panel lacked jurisdiction to hear the coverage issue while deferring the liability issue. Hartford seeks confirmation of the arbitrator's award. The arbitration panel did not err in hearing and deciding the coverage issue. The pending litigation had no bearing on this question, which was properly decided as expeditiously as possible. Under the no-fault statute, the first-party insurer is responsible for making payments to its insured, even though, upon arbitration, it may ultimately recover from the insurer of a party at fault. The Committee on Insurance Arbitration lacked authority to vacate the award; a determination as to the validity of an arbitration award lies wholly within the power of the Supreme Court. Hopkins, J. P., Damiani, Rabin and Shapiro, JJ., concur.