■ In the Matter of ANDREW LEVINE, Respondent, v ZURICH AMERICAN INSURANCE COMPANY, Appellant.—In a proceeding pursuant to CPLR 7511 to vacate an arbitrator's award, petitioner* appeals from a judgment of the Supreme Court, Nassau County, dated September 29, 1978, which confirmed the award. Judgment reversed, on the law, with $50 costs and disbursements, and petition granted. The respondent brought suit against petitioner's insured to recover damages for personal injuries which allegedly resulted from the insured's negligence. A claim for first-party benefits under the "no-fault" provisions of petitioner's policy was held in abeyance pending the outcome of the trial of the third-party action. The jury returned a general verdict in the sum of $180,000 in favor of respondent and against the insured. The judgment has been satisfied in full, and no appeal was taken from the judgment. Thereafter, the matter of first-party benefits was submitted to compulsory arbitration (see Insurance Law, § 675, subd 2) on the sole issue whether the jury verdict included recovery for respondent's "Basic economic loss" as that term is defined in the no-fault law (see Insurance Law, § 671, subd 1). The arbitrator, after a hearing, answered in the negative and awarded respondent $50,000 for medical expenses plus attorneys' and filing fees. Special Term confirmed the award. We reverse. The evidence before the arbitrator, which included the complaint and bill of particulars in the third-party action and pertinent excerpts from the trial transcript, demonstrates unequivocally that the verdict in favor of respondent necessarily included recovery for "basic economic loss". The evidence adduced at trial and the respondent's summation to the jury itemized medical and related expenses in detail, and the Trial Judge instructed the

---

* The petitioner in this proceeding is the Zurich American Insurance Company and the respondent is Andrew Levine.

jury that if it found for respondent to award him "a sum of money which will justly and fairly compensate him for his injuries and for his conscious pain and suffering, for his medical and hospital and health aide and ambulance, and other incidental expenses, for his permanent injuries and for his necessary future expenses to the time that you find that he may live" (cf. Insurance Law, § 671, subd 1, pars [a], [c]). (The respondent concededly had incurred no loss of earnings from work [see Insurance Law, § 671, subd 1, par (b)].) The record before the arbitrator was devoid of any evidence that the verdict was subject to any offset for respondent's subsequent no-fault recovery, or that the jury otherwise adjusted respondent's recovery to exclude basic economic loss. The judgment of $180,000 has in fact been satisfied in full. The arbitrator's finding that the verdict in respondent's favor did not include recovery for "basic economic loss" as defined in the no-fault law was not "supported by evidence or other basis in reason" appearing in the record and should have been vacated (see *Mount St. Mary's Hosp. of Niagara Falls v Catherwood*, 26 NY2d 493, 508; see, also, *Caso v Coffey*, 41 NY2d 153). The fact that the trial verdict included compensation which by law should have been reserved for no-fault coverage (see Insurance Law, § 673, subd 1) does not render the arbitrator's finding a nonreviewable error of fact. Whether the jury verdict in fact included compensation ordinarily covered by no-fault benefits was the very question which the arbitrator was called upon to answer. We conclude that his finding was not supported by any reasonable view of the evidence before him. O'Connor, J. P., Lazer, Rabin and Gulotta, JJ., concur.