■  In the Matter of LIBERTY COACHES, INC., Appellant, v BOSTON OLD COLONY INSURANCE COMPANY, Respondent.—In a proceeding to vacate an arbitration award, petitioner appeals from a judgment of the Supreme Court, Westchester County, dated July 20, 1979 which denied the petition. Judgment affirmed, with $50 costs and disbursements. The petitioner, a self-insurer, paid first-party benefits and thereafter filed an application for inter-company arbitration to obtain reimbursement. The arbitration panel determined that the petitioner had failed to sustain its burden of proof. This proceeding was brought to set aside the determination on the ground that it was irrational and without basis in fact. We conclude that the determination is not irrational or baseless on the record before the arbitrators. The record discloses that the petitioner's evidence was solely documentary, i.e., the police report of the accident, an MV 104 report, and the settlement by the respondent of the first-party benefits claim of the petitioner's driver arising from a bodily injury he suffered. When requested by the arbitration panel to produce its file, the petitioner failed to comply. The arbitration panel was free on this record to reach the determination that the petitioner had not sustained its burden of proof of establishing its claim. *Matter of Levine v Zurich Amer. Ins. Co.* (71 AD2d 1003) is distinguishable. There, the verdict of the jury in an action tried prior to the arbitration had determined liability for basic economic loss. No such prior finding had been made in this case. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.