■ REPUBLIC CLAIMS SERVICE COMPANY, Appellant, v ALLSTATE INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to vacate an arbitration award made after a hearing, denying the petitioner's application pursuant to Insurance Law § 5105 for reimbursement of no-

fault benefits paid to its insured, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), dated July 25, 1988, which dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

The petitioner Republic Claims Service Company (hereinafter Republic) made an application for arbitration of its claim against Allstate Insurance Company (hereinafter Allstate) for reimbursement of no-fault benefits paid by it to Joseph Fiorita. Fiorita was injured in a two-vehicle accident on March 11, 1984, while operating a truck insured by Republic. Allstate insured the other vehicle which had struck the truck in the rear. After a hearing, the arbitrator denied Republic's application for reimbursement. The arbitration award lists as the basis of the arbitrator's finding: "App[licant] failed to sust[ain] burden of proof".

Thereafter, Republic moved pursuant to CPLR 7511 to vacate the arbitration award. In support, Republic submitted its attorney's affirmation stating that the arbitrator did not allow Republic to proceed with its case on the ground that Republic had failed to timely file for arbitration. In opposition, Allstate submitted an attorney's affirmation alleging that Republic had failed to comply with the arbitrator's request to provide proof that the truck weighed more than 6,500 pounds as required by statute (see, Insurance Law § 5105 [a]). Neither party submitted a transcript of the minutes of the arbitration hearing in support of or in opposition to Republic's application to vacate the award.

On appeal, Republic contends that the arbitrator did not provide sufficient information concerning the basis of his finding. We disagree. Pursuant to 11 NYCRR 65.10 (d) (4) (vii) (d) an arbitrator's decision must include, among other information, a "brief statement of the basis for the finding, such as lack of proof" (see, Matter of Central Gen. Hosp. v Hanover Ins. Co., 49 NY2d 950; see also, Matter of Liberty Coaches v Boston Old Colony Ins. Co., 73 AD2d 647). A review of the award reveals that the arbitrator set forth an adequate statement pursuant to the applicable rule.

There also is no merit to Republic's contention that the arbitrator's award was based on a finding that Republic had filed for arbitration after the expiration of the applicable Statute of Limitations. As the Supreme Court properly observed, the wording of the arbitrator's decision does not support Republic's allegation. The record demonstrates that the award was based on a lack of proof and not the alleged

expiration of the Statute of Limitations. Finally, under the circumstances, the arbitrator's determination was not irrational *(Matter of Liberty Coaches v Boston Old Colony Ins. Co., supra)*. Mangano, P. J., Bracken, Kunzeman and Harwood, JJ., concur.