■ In the Matter of EVEREADY INSURANCE COMPANY, Appellant, v LUMBERMAN'S MUTUAL CASUALTY COMPANY, Respondent. [608 NYS2d 228] —In a proceeding to stay intercompany loss arbitration pursuant to Insurance Law § 5105 (b), the petitioner appeals from an order of the Supreme Court, Kings County (Spodek, J.), entered January 15, 1992, which directed arbitration as to the validity of an arbitrator's award dated March 18, 1991.

Ordered that the order is reversed, on the law, with costs, the petitioner's application for a stay of arbitration is granted, and the prior arbitration award dated March 18, 1991, shall remain in full force and effect.

In 1985, following arbitration pursuant to Insurance Law § 5105 (b), an arbitrator determined that the respondent, a Workers' Compensation carrier, had sustained its burden of proof on the issue of liability with regard to its claim against the petitioner, a no-fault carrier, and awarded it approximately $1,100 in damages. Thereafter, the respondent claimed additional damages based on its alleged payment of additional benefits to its insured. Following a hearing on the application, which was held on March 18, 1991, the arbitrator found that the respondent failed to sustain its burden of proof. The respondent thereafter made an *ex parte* application to Arbitration Forums, Inc., which provided the arbitrator, asking it to set aside the arbitrator's determination. Arbitration Forums, Inc., granted the application, finding that the arbitrator had improperly reconsidered the issue of liability, which had previously been determined.

We conclude that Arbitration Forums, Inc., lacked the authority to vacate the award. A determination as to the validity of an arbitration award lies wholly within the power of the Supreme Court *(see, Matter of Hartford Acc. & Indem. Co. v Country-Wide Ins. Co.,* 63 AD2d 981). Moreover, the

record provides no support for the position that the arbitrator was unaware of the previous determination as to liability and that the ruling applied to the issue of liability, as opposed to damages.

Under the circumstances, there is no need for an additional hearing. Sullivan, J. P., Pizzuto, Joy and Goldstein, JJ., concur.