■ VICTORIA INSURANCE COMPANY, Respondent, v UTICA MUTUAL INSURANCE COMPANY, Appellant. [778 NYS2d 481]—

Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 10, 2003, which denied the application of Utica Mutual Insurance Company to vacate its default in failing to answer a petition brought by Victoria Insurance Company to confirm three arbitration awards, unanimously affirmed, with costs.

Utica Mutual did not, in support of its vacatur application, make the necessary showing of merit. Contrary to its contention, the arbitrator did not commit misconduct in refusing to grant an adjournment to permit Utica's investigator to appear, since Utica had not given notice that it would call a witness. In any event, the investigator's testimony would have been duplicative of reports previously submitted in an attempt to establish that the claims paid by Victoria Insurance and for which it sought reimbursement from Utica were fraudulent. Furthermore, since Utica has not offered any affidavit from its insured, the owners of the truck that caused the accident, to show that, contrary to Department of Motor Vehicles records, the truck was not modified to increase its weight to more than 6,500 pounds, we perceive no basis to conclude that there is merit to Utica's argument that this was not an instance in which reimbursement of otherwise nonreimbursable no-fault benefits was permitted pursuant to Insurance Law § 5105 (a).

Although the awards did not meet the requirements of CPLR 7507 that they be signed and affirmed by the arbitrator, and the issue is a question of law that can be raised for the first time on

appeal (*see Chateau D'If Corp. v City of New York*, 219 AD2d 205, 209-210 [1996], *lv denied* 88 NY2d 811 [1996]), Utica is estopped from now raising the issue. Had it been raised as one of the affirmative defenses asserted by Utica in its proposed answer, Victoria would have been able to obtain a signed copy of the award from the arbitrator within the one-year period for bringing a proceeding to confirm an award.

We have reviewed Utica's remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Ellerin, Williams and Gonzalez, JJ.