Spain, J.
Appeal from an order of the Supreme Court (Egan, Jr., J.), entered February 6, 2008 in Albany County, which denied petitioner’s application pursuant to CPLR 7511 to vacate an arbitration award.
On July 12, 2004, Michael Chesebro was driving in the Village of Baldwinsville, Onondaga County when his vehicle was struck in the rear by Deborah Redden,[1] who was operating a 1999 Dodge minivan owned by her employer, Julie J. Taddeo, the owner of Affordable Wheelchair Transportation. Chesebro was injured. Petitioner insured the minivan, which was registered as a passenger vehicle but bore livery license plates belonging to a commercial vehicle, a 1998 Dodge minivan also owned by Taddeo, which was insured by another carrier. It is *1112 uncontested that on this day Redden was using the passenger vehicle bearing the livery plates to transport passengers for Taddeo’s business.
After paying workers’ compensation benefits to Chesebro, respondent filed an application (a PIP form) for arbitration with the New York Personal Injury Subrogation Arbitration Forum, seeking intercompany reimbursement of those paid benefits ($50,000) from petitioner pursuant to the loss transfer provisions of Insurance Law § 5105 (a). Petitioner submitted a PIP form denying the claim, asserting that its insured’s passenger vehicle was her personal vehicle and not used primarily for the transportation of persons or property, as required by Insurance Law § 5105 (a). After limited documentary evidence was submitted,[2] the arbitrator determined that respondent was entitled to reimbursement from petitioner. Petitioner then commenced this proceeding to vacate the arbitration award, which Supreme Court denied, and petitioner now appeals.
As relevant here, Insurance Law § 5105 (a) provides that an insurer liable for first party benefits or a workers’ compensation carrier that pays benefits in lieu of first party benefits, which another insurer would otherwise be obligated to pay but for the No-Fault Law, has a right to recover “only if at least one of the motor vehicles involved [weighs] more than [6,500 pounds] unloaded or is . . . used principally for the transportation of persons or property for hire” (emphasis added). The latter alternate requirements have been recognized to be “condition^] precedent to ultimate recovery” (Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d 633, 634 [2008]), and were added by amendment in 1977 “to limit the right of insurance carriers to recover first-party payments” (Matter of State Farm Mut. Auto. Ins. Co. v Aetna Cas. & Sur. Co., 132 AD2d 930, 931 [1987], affd 71 NY2d 1013 [1988]). Respondent, as the applicant seeking reimbursement, bore the burden of proof to show entitlement to recover benefits paid[3] (see e.g. Matter of Hanover Ins. Co. v State Farm Mut. Auto. Ins. Co., 226 AD2d 533, 534 [1996]; Matter of Eveready Ins. Co. v *1113 Lumberman’s Mut. Cas. Co., 201 AD2d 649, 649 [1994]; Republic Claims Serv. Co. v Allstate Ins. Co., 160 AD2d 925, 926 [1990]). Insurance Law § 5105 (b) “provides that mandatory-arbitration is the sole remedy regarding disputes between insurers over responsibility for payment of first-party benefits” (State Farm Mut. Auto. Ins. Co. v Nationwide Mut. Ins. Co., 150 AD2d 976, 977 [1989]).
Here, the record is devoid of evidence establishing the “principal use” of the passenger vehicle insured by petitioner. No proof established when the livery plates were put on the passenger vehicle, or if this plate-switching or use of the passenger vehicle to transport persons or property for hire occurred on any occasions other than the date of the accident, i.e., if it was Taddeo’s or Redden’s practice to use this passenger vehicle “for hire.” Petitioner did not submit an affidavit from its insured and none of the documentary evidence established that the “principal use” of the vehicle it insured was other than its registered status as a passenger vehicle (compare Victoria Ins. Co. v Utica Mut. Ins. Co., 8 AD3d 87, 87 [2004]), i.e., the only-evidence is that on the day of this accident, the passenger vehicle was being used “for hire,” bearing livery plates from another vehicle.
Where, as here, the parties are obligated by statutory mandate to submit their dispute to arbitration {see Insurance Law § 5105 [b]), the arbitrator’s determination is subject to “closer judicial scrutiny” than with voluntary arbitration (Matter of Motor Veh. Acc. Indem. Corp. v Aetna Cas. & Sur. Co., 89 NY2d 214, 223 [1996]). “To be upheld, an award in a compulsory arbitration proceeding must have evidentiary support and cannot be arbitrary and capricious” (id. [citations omitted]; see Matter of Utica Mut. Ins. Co. [Selective Ins. Co. of Am.], 27 AD3d 990, 992 [2006]). On this record, there is no evidentiary support or rational basis for the arbitrator’s determination that petitioner’s insured passenger vehicle was used “principally . . . for hire” as required for respondent to obtain reimbursement under Insurance Law § 5105 (a) (see Matter of Progressive Cas. Ins. Co. v New York State Ins. Fund, 47 AD3d at 634; Matter of Allstate Ins. Co. v American Arbitration Assn., 26 AD3d 374, 374 [2006]; Matter of Kemper Ins. Co. v Westport Ins. Co., 9 AD3d 431, 432 [2004]). To the extent that the arbitrator granted respondent’s application based upon its finding that petitioner’s insured passenger vehicle was “at the time” being used as a vehicle for hire, such a conclusion is inadequate to support the award and is “in disregard of the standard prescribed by the legislature” (Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 *1114 NY2d 493, 506 [1970]), i.e., that one of the vehicles be used “principally ... for hire” (Insurance Law § 5105 [a] [emphasis added]). The arbitration award should, therefore, be vacated.
Further, respondent relies heavily on petitioner’s failure to produce evidence presumably within its possession or reach regarding the principal use of its insured’s vehicle. However, the record does not reflect that respondent availed itself of any of the avenues for discovery, such as requesting a hearing at which witnesses could be called (see CPLR 7506 [c]), asking the arbitrator to issue subpoenas to procure documentary evidence (see CPLR 7505; see also Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7505, at 682-683 [1998]) or, as a last resort, applying to the court for an order directing disclosure in aid of arbitration upon a showing of extraordinary circumstances (see CPLR 3102 [c]; see also Siegel, NY Prac § 597, at 1052-1054 [4th ed]; Matter of Goldsborough v New York State Dept. of Correctional Servs., 217 AD2d 546, 547 [1995], appeal dismissed 86 NY2d 834 [1995]). While “[u]nder the CPLR, arbiters do not have the power to direct the parties to engage in disclosure proceedings” (De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974]; see Matter of Goldsborough v New York State Dept, of Correctional Servs., 217 AD2d at 547), avenues of disclosure were clearly available (see Siegel, NY Prac § 597, at 1052-1054 [4th ed]).
Mercure, J.P, Carpinello, Kane and Kavanagh, JJ., concur. Ordered the order is reversed, on the law, without costs, petitioner’s application granted and arbitration award vacated.

. Chesebro’s vehicle then struck the vehicle in front of him.

. Respondent’s proof included the accident report, Department of Motor Vehicles records, claim payment data sheets, copies of bills paid, and workers’ compensation award decisions. Petitioner submitted the Department of Motor Vehicles records, pictures of the vehicles and insurance documents.

. We do not agree with the arbitrator’s conclusion that petitioner’s position, that its insured vehicle was not used “principally . . . for hire,” is an affirmative defense. Rather, the principal use of the vehicle is a threshold part of respondent’s required showing, as the applicant seeking reimbursement under Insurance Law § 5105 (a) (see CPLR 3018; cf. Matter of State Farm Mut. Auto. Ins. Co. v City of Yonkers, 21 AD3d 1110, 1111 [2005]).