Rabin, J.
The plaintiff-respondent James De Sapio was employed as a block trader by defendant-appellant Kohlmeyer from November, 1970 until April, 1971, at which time he was discharged. In January, 1972, plaintiff sought employment with another firm which, like Kohlmeyer, was a member of both the New York and .American Stock Exchanges. In so applying, plaintiff authorized an investigation of his employment history. As part of the investigation, a representative of the defendant Fidelifacts interviewed a partner of Kohlmeyer. Subsequently, plaintiff instituted this action alleging that the Kohlmeyer partner published defamatory remarks to the investigator regarding *404 the facts underlying plaintiff’s discharge. The complaint further alleges that Fidelifacts republished the defamation in its report to plaintiff’s prospective employer.
As part of its answer, Kohlmeyer pleaded as an affirmative defense[1] that it had arbitration agreements with the plaintiff providing that any controversy between them arising out of plaintiff’s employment or the termination of his employment “ shall be settled by arbitration.” Following its answer, Kohl■meyer obtained a deposition of plaintiff and then moved to stay the action -on the basis of the agreements to arbitrate. Special Term denied the stay on the ground that the instant action for defamation could not be said to arise out of either plaintiff’s employment or its termination. The Appellate Division affirmed, by a divided court, the majority holding that the agreements to arbitrate were no longer effective at the time the alleged defamatory utterances were made. Leave to appeal to this court was granted by the Appellate Division which certified for review the following question of law: “ Was the order of the Supreme Court, as affirmed by this Court, properly made? ”
Defendant-appellant Kohlmeyer urges that Special Term improperly denied its motion for a stay and contends that the defamation controversy falls within the arbitration agreements and that, in any event, the question of the scope of coverage is for the arbiter to determine. In this court, the plaintiff-respondent defends the correctness of Special Term’s denial of the motion for a stay on two grounds: (1) Kohlmeyer waived any right to move for a stay;[2] and (2) the arbitration agreements do not apply to this action because they were no longer effective and because this controversy did not arise out of plaintiff’s employment or its termination. We agree with the waiver argument advanced by plaintiff-respondent and consequently do not reach the other issues raised. The defendant Kohlmeyer *405 waived any right to stay the action by its affirmative use of the judicial proceedings.
While the party who commences an action may generally be assumed to have waived any right it may have had to submit the issues to arbitration, this assumption, of course, does not apply to a defendant. (See 8 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 7503.15, 7503.16.) Nevertheless a defendant’s right to compel arbitration, and the concomitant right to stay an action, does not remain absolute regardless of the degree of his participation in the action. (Matter of Zimmerman v. Cohen, 236 N. Y. 15.) In Matter of Zimmerman (pp. 17, 21), we held that the right of a defendant to compel arbitration was not absolute down to the time of trial and could be forfeited prior to trial. The defendant in Zimmerman (p. 19) waived his right to compel arbitration and stay the action when he set up a counterclaim, gave notice of trial, and procured an order for the taking of a deposition in preparation for trial. On the other hand, interposing an answer of itself does not work to waive a defendant’s right to a stay. (Matter of Hosiery Mfrs. Corp. v. Goldston, 238 N. Y. 22, 27.)
The crucial question, of course, is what degree of participation by the defendant in the action will create a waiver of a right to stay the action. In the absence of unreasonable delay, so long as the defendant’s actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant’s participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory. Thus, entering a stipulation to extend the time to answer is a purely defensive action and is not inconsistent with a later attempt to force arbitration. (Matter of Haupt v. Rose, 265 N. Y. 108.) In contrast, contesting the merits through the judicial process is an affirmative acceptance of the judicial forum and waives any right to a later stay of the action. (Gold Plastering Co. v. 200 East End Ave. Corp., 282 App. Div. 1073, affd. 307 N. Y. 668; Board of Educ. v. Mancuso Bros., 25 Misc 2d 122 [motion for summary judgment].)
In the present case, plaintiff urges that two actions of the defendant Kohlmeyer constitute a waiver of any right to stay *406 the action: (1) interposing a cross claim demanding apportionment of any liability; and (2) procuring a deposition of plaintiff. We agree that each of these actions is a sufficiently affirmative use of the judicial process so as to be inconsistent with a later motion to stay. The defendant Fidelifacts is not a party to any arbitration agreement with the other litigants, and Kohlmeyer would not be able to obtain apportionment of liability in arbitration. Similarly, Kohlmeyer’s utilization of judicial discovery procedures is also an affirmative acceptance of the judicial forum. The availability of disclosure devices is a significant differentiating factor between judicial and arbitral proceedings. “It is contemplated that disclosure devices will be sparingly used in arbitration proceedings. If the parties wish the procedures available for their protection in a court of law, they ought not to provide for the arbitration of the dispute.” (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7505.06, pp. 75-101.) Under the CPLR, arbiters do not have the power to direct the parties to engage in disclosure proceedings. (Par. 7505.06.) While a court may order disclosure “ to aid in arbitration ” pursuant to CPLR 3102 (subd. [c]), it is a measure of the different place occupied by discovery in arbitration that courts will not order disclosure “ except under extraordinary circumstances ”. (Matter of Katz [Burkin], 3 A D 2d 238, 238-239.)
In light of these differences between arbitral and judicial proceedings with regard to the availability of discovery, the defendant’s procurement of a pretrial deposition of plaintiff in the judicial action constitutes an election between the forums available for resolving the dispute, and therefore a waiver of any right to stay the action. The courtroom may not be used as a convenient vestibule j;o the arbitration hall so as to allow a party to create his own unique structure combining litigation and arbi- . tration. (See Matter of Commercial Solvents Corp. [Louisiana Liquid Fertilizer Co.], 20 F. R. D. 359, 361.)
Accordingly, the order of the Appellate Division should be affirmed and the question certified answered in the affirmative.
' Chief Judge Bbeitel and Judges Jasen, Gabrielli, Jones and Wachtler concur; Judge Stevens taking no part.
Order affirmed, with costs. Question certified answered in the affirmative.

. Of course, the existence of án arbitration agreement is not a defense. (American Reserve Ins. Co. v. China Ins. Co., 297 N. Y. 322, 327; Aschkenasy v. Teichman, 12 A D 2d 904.)

. In this instance, defendant’s contention that we may not consider the waiver argument because it was not raised below is incorrect. Had the waiver issue been raised below defendant would not have been able to cure or answer it. (See Cohen and Karger, Powers of the Hew York Court of Appeals, § 161, pp. 627-628; § 162, p. 630.)