■ INTERNATIONAL COMPONENTS CORPORATION, Appellant, v GERHART F. KLAIBER et al., Respondents.—Judgment (erroneously denominated an order), Supreme Court, New York County, entered March 4, 1976 denying petitioner's application for disclosure in aid of arbitration, pending which petitioner requests a temporary stay of arbitration, unanimously affirmed, with $40 costs and disbursements to respondents. Petitioner and respondent Gerhart Klaiber entered into an employment agreement which provided for arbitration of "any claim or controversy arising" thereon. Petitioner failed to make required payments claiming, *inter alia,* Klaiber violated the contract by becoming an employee of respondent Siemens Corporation (Siemens). Klaiber served a demand for arbitration. In response, petitioner commenced the special proceeding herein against Klaiber and Siemens requesting a temporary stay of arbitration for a period of 60 days and permitting petitioner discovery of respondents. Petitioner alleges certain derelictions of Klaiber in performing the contract and that the entire agreement, including the arbitration clause, was fraudulently induced. It should be noted initially that the only evidence adduced shows that the contract was negotiated by attorneys and it was Klaiber's attorney, not Klaiber, who suggested the arbitration clause to the petitioner's attorney. There is a total lack of proof of fraud on the part of either Klaiber or his attorney. Petitioner rationalizes the joinder of Siemens for the purpose of advising of the circumstances "surrounding the proceeding" and making Siemens available for discovery. The petition seeks discovery to determine the appropriateness of arbitration, the involvement of Siemens in this matter, and whether or not the entire contract was entered into fraudulently. The court below denied petitioner's application for a stay, and

ordered arbitration on the grounds that the contract provides for arbitration, there is an arbitrable issue, and there is a refusal to arbitrate. On May 26, 1975 this court granted a stay pending appeal. While the court below is undoubtedly correct in its statement of the law involving a stay of arbitration under CPLR 7503, the thrust of petitioner's application is for a temporary stay solely to provide time in which to attain disclosure under CPLR 3102 (subd [c]). CPLR 3102 (subd [c]) authorizes disclosure in aid of arbitration, but only by court order. Petitioner claims that it requires a temporary stay in order to prepare itself for the defense of fraud in the inducement which will be raised before the arbitrators. (See *Matter of Weinrott [Carp]*, 32 NY2d 190.) In *Matter of MVAIC (McCabe)* (19 AD2d 349) in which an examination of a party was requested, this court stated that CPLR 3102 (subd [c]) expressly empowers the court to direct disclosure in aid of arbitration and recognized that pursuant to that power the court would also be able to stay the arbitration pending disclosure. However, disclosure devices will be sparingly used in arbitration procedures *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406). The court's power to direct disclosure should not be granted in arbitration proceedings except under extraordinary circumstances. The test is necessity rather than convenience *(Matter of Katz [Burkin]*, 3 AD2d 238; *Matter of MVAIC [McCabe], supra).* Court-ordered disclosure is not justified except where it is absolutely necessary for the protection of the rights of a party. In the case at bar, petitioner has not shown the necessity for court-ordered disclosure. Not even the slightest showing of Klaiber's alleged fraudulent acts has been made. All that might be learned by court-directed examination may be developed before the arbitrators. Accordingly, court-ordered disclosure is denied and the stay pending appeal granted by this court on May 26, 1975 is vacated. Concur—Murphy, J. P., Lupiano, Birns, Silverman and Nunez, JJ.