■ In the Matter of ROBERT KATZ et al., Respondents, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Appellant.—In a proceeding, *inter alia,* for disclosure "to aid in arbitration" (see CPLR 3102, subd [c]), the State Department of Correctional Services appeals from so much of an order of the Supreme Court, Westchester County, entered October 14, 1977, as granted limited disclosure regarding certain items and stayed the arbitration proceeding pending such disclosure. Order reversed insofar as appealed from, on the law and the facts, without costs or disbursements, application for disclosure denied and stay vacated. Special Term correctly noted that courts will not order disclosure to aid in arbitration " 'except under extraordinary circumstances' " *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406; *Matter of Katz [Burkin],* 3 AD2d 238, 239). As we recently stated in *Matter of Jamaica Hosp. v Vogel & Strunk* (57 AD2d 843), "Disclosure is to be sparingly allowed in arbitration proceedings." It is our opinion that extraordinary circumstances are absent in this case. The "Notice of Discipline" sufficiently apprised Robert Katz of the items of contraband allegedly found in his automobile. We also note that "the judicious use of a continuance" by the arbitrator may offset the effects of any surprise evidence and eliminate

any potential injustice (see 8 Weinstein-Korn-Miller, NY Civ Prac, par 7505.06, p 75-129; see, also, *Matter of Motor Vehicle Acc. Ind. Corp. [McCabe],* 19 AD2d 349, 353). Martuscello, J. P., Damiani, Margett and O'Connor, JJ., concur.