■ In the Matter of Alvin Geller, an Attorney. — Respondent is suspended from practice as an attorney and counselor at law in the State of New York effective November 21, 1982, as indicated in the order of this court. Concur — Kupferman, J. P., Sullivan, Ross, Carro and Asch, JJ.

## (October 26, 1982)

■ Leonard Shaw, Appellant, v Manufacturers Hanover Trust Company et al., Defendants. Fuchsberg & Fuchsberg, Respondents-Cross-Appellants. — Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on May 28, 1982, which granted a lien unanimously affirmed, without costs and without disbursements; and appeal from order of said court entered on May 28, 1982 holding the issue of disbursements in abeyance is dismissed as nonappealable, without costs and without disbursements. No opinion. Concur — Murphy, P. J., Kupferman, Sullivan, Ross and Milonas, JJ.

■ Guilford Mills, Inc., Respondent, v Rice Pudding, Ltd., Appellant. — Order, Supreme Court, New York County (Cerrito, J.), entered May 20, 1982, directing disclosure with regard to Rice's answer and counterclaim, unanimously reversed, on the law and the facts, and Guilford's motion to compel disclosure to aid in arbitration denied, with costs. Ordinarily, disclosure will not be ordered to aid in arbitration under CPLR 3102 (subd [c]) unless there are extraordinary circumstances present. (De Sapio v Kohlmeyer, 35 NY2d 402, 406; Matter of Katz v State of New York Dept. of Correctional Servs., 64 AD2d 900; International Components Corp. v Klaiber, 54 AD2d 550.) The real dispute in this case turns upon the quality of fabric delivered by Guilford Mills, Inc., to Rice Pudding, Ltd. This type of controversy is not extraordinary but is commonplace in the textile industry. Therefore, court-ordered disclosure is inappropriate in the routine circumstances of this case. If Guilford seeks additional information concerning the branch of the counterclaim for damage to Rice's reputation, an appropriate request may be made before the arbitrator. The latter has inherent power to control the course of the arbitration proceedings so as to permit a party to elicit relevant information in that regard (cf. Matter of MVAIC [McCabe], 19 AD2d 349, 353). We note, in passing, that Guilford's reliance upon Tilbury Fabrics v Stillwater, Inc. (81 AD2d 532, affd 56 NY2d 624) is misplaced. In that proceeding, Tilbury had counterclaimed upon a different set of invoices. Thus, disclosure under CPLR 3102 (subd [c]) would have been warranted. However, in this case, Rice has counterclaimed upon the same set of invoices. Concur — Murphy, P. J., Ross, Markewich, Bloom and Asch, JJ.