■ Iris M. Sullivan et al., Appellants, v Walter J. Kisly, Jr., et al., Respondents. — Order of the Supreme Court, New York County (Tompkins, J.), entered on December 23, 1982, which granted defendants' motion to stay the action and compel arbitration, is reversed, on the law and the facts, with costs and disbursements, and motion to stay the action and compel arbitration denied. The instant action arises out of the purported breach of a written agreement entered into between the parties in March of 1981 and calling for the renovation of plaintiffs' residence at 138 East 37th Street in Manhattan. The summons and complaint were served in March of 1982, and the defendants answered on April 19, 1982, generally denying the allegations contained in the complaint. They also interposed an affirmative defense claiming that the contract had been executed by the corporate rather than the individual defendants. By notice of motion dated May 4, 1982, plaintiffs moved to dismiss the affirmative defense and included as an exhibit the first page of the agreement indicating the names of the respective parties, the date of the contract and the fact that the contract was the standard form agreement between owner and contractor issued by the American Institute of Architects. The motion, which was opposed pursuant to an affidavit dated May 12, 1982, was granted by an order dated June 4, 1982. Plaintiffs served a notice of deposition, dated May 24, 1982, with the deposition scheduled for June 8, 1982. On June 21, 1982, defendants demanded a bill of particulars, and on July 7, 1982, the examination before trial was conducted. The plaintiffs furnished defendants with the bill of particulars on or about July 21, 1982. Then, by motion dated August 23, 1982, defendants for the first time requested that, based upon the arbitration clause in the contract, the action be stayed and arbitration compelled. In granting the motion, Special Term concluded that: "Defendants answered and participated in discovery because, they contend, they did not have a copy of the contract and were not aware of the arbitration clause. Plaintiffs argue that defending this action constitutes a waiver of the arbitration clause. There is no doubt that affirmative use of the judicial process constitutes a waiver of the right to go to arbitration (DeSapio v Kohlmeyer, 35 NY2d 402). However, defense of litigation brought by other parties is not a waiver." In De Sapio v Kohlmeyer (35 NY2d 402), the Court of Appeals held that while the party who commences a lawsuit may generally be deemed to have waived its right to arbitration, this rule does not apply to a defendant. Nevertheless, a defendant's right to compel arbitration is not unlimited. According to the court (p 405): "The crucial question, of course, is what degree of participation by the defendant in the action will create a waiver of a right to stay the action. In the absence of unreasonable delay, so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant's participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory." At the outset, it should be noted that we are unimpressed with defendant Walter J. Kisly's

assertion that at the time of service of the complaint, neither he nor his counsel possessed a copy of the agreement since marital difficulties precluded his being able to return home and retrieve his papers. The fact is that the contract was in the standard form prepared by the American Institute of Architects and was completed by defendant and presented to plaintiffs for their signature. An arbitration clause routinely appears in this type of agreement, which is no doubt the same contract regularly utilized by defendants in connection with all of their undertakings to perform work. Thus, it strains credulity to accept the claim that defendants lacked knowledge of the provisions of the contract. Significantly, defendants did not, in their answer, deny that they had information regarding the terms and conditions of the contract. They also failed to proceed expeditiously to ask that plaintiffs produce the entire contract. Instead, they continued to participate in the litigation to the extent of demanding an examination before trial and submitting Mr. Kisly for an examination. Under the circumstances, what occurred here amounted to a greater involvement in the litigation than simply taking steps of a defensive nature, and Special Term improperly granted defendants' motion to stay the action and compel arbitration. Concur — Ross, J. P., Asch and Milonas, JJ.

Alexander, J., dissents in a memorandum as follows: I respectfully dissent and would affirm the order below compelling arbitration. Contending that the defendant had failed to perform the terms and conditions of a construction contract entered into with them on March 17, 1981, the plaintiffs Sullivan brought this action to recover the sums already paid to the defendant under that construction contract, together with damages they contend they will sustain by reason of having to retain others to complete the construction work left undone by the defendant. They also seek to recover as incidental damages, expenses incurred by them as a result of being required to seek other living accommodations during the period of construction. It is undisputed that this contract which is the standard form of agreement between owner and contractor, published by the American Institute of Architects, provides in article 14 thereof that "[a]ll claims or disputes arising out of this Contract or the breach thereof shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise". Nevertheless, this lawsuit was commenced by plaintiffs in March of 1982. The defendant answered in April, asserting an affirmative defense claiming that his corporation was the contracting party, which defense plaintiffs moved to strike by notice of motion dated May 4, 1982. The defendant unsuccessfully opposed this motion and by order dated June 4, 1982, the motion to strike the affirmative defense was granted. In the meantime and in late May of 1982, the plaintiff served a notice to depose the defendants, and the defendants in turn, served a demand for a bill of particulars. The bill of particulars was furnished on or about July 23, 1982, and according to the defendant Kisly, and his attorney, they realized for the first time that there was this arbitration clause in the contract. Kisly asserts, and nothing to the contrary is shown, that a copy of the contract was theretofore unavailable to him because he was then embroiled in a marital dispute and all of his papers were in the marital home from which he had removed. When he received a copy of the contract on or about July 23, along with the bill of particulars, he promptly moved, on August 23, 1982, to stay this action and to compel arbitration. As a result of various mix-ups, including the failure of the motion to appear on the calendar on the return date, and the papers subsequently having been lost thereby creating the need to renotice the motion, this motion was not submitted until October 4, and was not decided until December 17, 1982, when Special Term granted the motion staying the

action and compelling arbitration. In the interim, however, the defendants have responded to the notice by plaintiffs to appear for an oral deposition, but had failed to comply with an order of the court to return the executed deposition, and certain exhibits requested by plaintiff. Consequently on November 16, on the plaintiffs' application to strike the defendants' answer, an order was entered precluding the defendant from using at the trial any information or any documents that he failed to produce in accordance with that prior order of the court. Parties who agree to arbitrate pursuant to a valid arbitration clause contained in a contract, can be compelled to do so. (*Matter of Brookfield Clothes v Tandler Textiles,* 78 AD2d 841.) However, where a party who has agreed to arbitrate makes affirmative use of the judicial process, that affirmative use may constitute a waiver of his right to compel arbitration pursuant to that agreement (*De Sapio v Kohlmeyer,* 35 NY2d 402). As stated by the Court of Appeals in *De Sapio* (p 405), "[t]he crucial question, of course, is what degree of participation by the defendant in the action will create a waiver of a right to stay the action. In the absence of unreasonable delay, so long as the defendant's actions are consistent with an assertion of the right to arbitrate, there is no waiver. However, where the defendant's participation in the lawsuit manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory." There has been no unreasonable delay attributable to the defendants in this litigation, nor have the defendants' actions been inconsistent with an assertion of the right to arbitrate. Indeed with relative promptness, upon being furnished with a copy of the contract and thus having his attention directed to the arbitration clause thereof, Kisly moved to stay the action and compel arbitration. All of his conduct prior to that time had been purely defensive and was consistent with his right to compel arbitration. The assertion by the majority that the contract "was completed by defendant and presented to plaintiffs for their signature" is not supported by the record; nor is their assertion that defendants "continued to participate in the litigation to the extent of demanding an examination before trial". Thus their conclusion that Kisly did more than take steps of a defensive nature is predicated upon unsupported inferences. Special Term properly found that defendant had not waived his right to compel arbitration and that order should be affirmed.