■ HESS MOBIL PARK, INC., et al., Appellants-Respondents, v SEAR-BROWN ASSOCIATES, P. C., et al., Defendants, and MONROE COUNTY SEPTIC SERVICE, INC., et al., Respondents-Appellants. — Order unanimously modified and, as modified, affirmed, with costs to plaintiffs against defendant Monroe County

Septic Service, Inc., in accordance with the following memorandum: Plaintiffs appeal from those parts of Special Term's order which dismissed their third and fourth causes of action against defendants Monroe County Septic Service, Inc. (MCSS) and Herbert Leadbetter. Defendant MCSS appeals from that part of the order which denied its motion to dismiss plaintiffs' first cause of action. Defendants MCSS and Leadbetter appeal from that part of the order which denied their motion to dismiss plaintiffs' seventh and eighth causes of action. ¶ By contract dated August 8, 1975 between Raymond F. Ross as owner and MCSS as contractor, MCSS agreed to construct sanitary sewerage facilities for a mobile home park. Leadbetter signed the contract for MCSS but plaintiffs acknowledge that Leadbetter was only an employee of MCSS. It is conceded that the work under the contract was completed and final payment was made on January 15, 1976. ¶ This action was commenced on August 11, 1981. The complaint sets forth eight causes of action, the first of which alleges, *inter alia,* that MCSS and Leadbetter breached the August 8, 1975 contract; the third alleges that MCSS and Leadbetter violated the terms of said contract in their performance of the work; the fourth charges MCSS and Leadbetter with negligence in the performance of that contract; the seventh alleges that during the years 1979, 1980 and 1981 these same defendants contracted to correct the defects in the system and failed to perform the conditions of that contract; and the eighth alleges that they were negligent in the performance of the corrective work. ¶ Preliminarily, we reject the argument of MCSS that actions for breach of the August 8, 1975 contract cannot be maintained because of the arbitration clause in the contract. Defendants never sought arbitration, and they have participated actively in this litigation over a long period of time. They have thus waived any right of arbitration they might have had (*De Sapio v Kohlmeyer,* 35 NY2d 402). ¶ Special Term properly dismissed the first and third causes of action as against defendant Leadbetter. The complaint does not allege that Leadbetter was individually a party to the August 8, 1975 contract and thus does not state causes of action against him for breach of that contract. ¶ Special Term also properly denied the motion of MCSS to dismiss the first cause of action against it. Clearly, that cause of action alleges a breach of the August 8, 1975 contract by MCSS and since this action was brought less than six years after completion of the work, it is not time barred (see *State of New York v Lundin,* 60 NY2d 987). ¶ Special Term erred, however, in granting the motion of MCSS to dismiss plaintiffs' third and fourth causes of action. The third adequately alleges a breach of the August 8, 1975 contract by MCSS. It was timely brought and it should not be dismissed merely because its allegations are largely repetitious of those contained in the first cause of action (see Siegel, NY Prac, § 212). While the fourth cause of action sounds in negligence, its genesis is in the contractual relationship of the parties (see *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 396). "[A]n action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations (CPLR 213, subd 2)." (*Video Corp. v Flatto Assoc.,* 58 NY2d 1026, 1028; see, also, *Baratta v Kozlowski,* 94 AD2d 454, 461.) It follows, of course, that since no claim is made that Leadbetter was a party to the August 8, 1975 contract, the fourth cause of action was properly dismissed as against him. ¶ Finally, the motions of MCSS and Leadbetter to dismiss plaintiffs' seventh and eighth causes of action were properly denied. Those causes are timely asserted and are not barred by any agreement to arbitrate. ¶ The order appealed from is modified to reinstate the third and fourth causes of action as against MCSS. (Appeals from order of Supreme Court, Monroe County, Siracuse, J. — dismiss causes of action.) Present — Dillon, P. J., Doerr, Denman, O'Donnell and Schnepp, JJ.