■ HENDLER & MURRAY et al., Appellants, v ARTHUR LAMBERT, Respondent, et al., Respondent.—In a proceeding, *inter alia,* pursuant to CPLR 7503 (b) to stay arbitration, the petitioners Hendler & Murray, and Jerome Murray appeal, as limited by their brief, from so much of an order of the

Supreme Court, Nassau County (Robbins, J.), entered July 17, 1987, as denied their motion for discovery, to recuse the court-appointed arbitrator, and to stay the arbitration proceeding.

Ordered that the order is affirmed insofar as appealed from, with costs.

The facts of this case are summarized in the companion decision and order concerning the petitioners' appeal from the judgment of the same court confirming the arbitrators' award *(see, Hendler & Murray v Lambert,* 147 AD2d 444 [decided herewith]).

The petitioners contend that their motion for discovery as well as to recuse the court-appointed arbitrator should have been granted. We disagree.

As this court ruled in a prior appeal brought by the petitioners in the instant case: "Generally, courts may not order discovery in aid of arbitration unless the movant has demonstrated ' "extraordinary circumstances" ' *(De Sapio v Kohlmeyer,* 35 NY2d 402, 406, quoting from *Matter of Katz [Burkin],* 3 AD2d 238, 239)" *(Hendler & Murray v Lambert,* 127 AD2d 820). It has been stated that "[t]he test is necessity rather than convenience" *(Matter of State Farm Mut. Auto. Ins. Co. v Wernick,* 90 AD2d 519). The petitioners in the instant case have not demonstrated the requisite "extraordinary circumstances" to obtain the respondent firm's books and records, which in any event would not have reflected improper acts of solicitation of the petitioners' clients and employees, as alleged in their counterclaims. It is worthy of note that the petitioners produced no evidence whatsoever that the respondent Lambert had solicited their clients while still a partner at Hendler & Murray; nor do they even allege that after he left the partnership he resorted to fraud or threats to acquire their business or the petitioners' employees. Since in arbitration proceedings, court-ordered disclosure "is not justified except where it is absolutely necessary for the protection of the rights of a party" *(International Components Corp. v Klaiber,* 54 AD2d 550, 551), the application was properly denied in the case at bar, where the petitioners have shown no necessity for such disclosure, nor even the slightest evidence of improper behavior by Lambert.

The petitioners' motion to recuse the court-appointed arbitrator was also justly denied. The CPLR provides for removal of an arbitrator in advance of a hearing only "for reasons of health or unavailability or other circumstances tantamount to the occurrence of a vacancy" *(Matter of Siegel [Lewis],* 40

NY2d 687, 689; CPLR 7504). Otherwise, the party must move to vacate the award within 90 days of its delivery, pursuant to CPLR 7511 (a), which was not done in the instant case. In any event, the record reflects that the court-appointed arbitrator behaved with impeccable fairness and impartiality throughout the proceedings. Mangano, J. P., Brown, Kunzeman and Kooper, JJ., concur.