■ ROBERT E. ZAMZOK et al., Respondents, v 650 PARK AVENUE CORPORATION et al., Appellants and Third-Party Plaintiffs-Appellants-Respondents, et al., Defendant. 67TH AND PARK CORP., Third-Party Defendant-Respondent-Appellant.— Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered on or about May 20, 1989, which denied the motion of third-party defendant and the cross motion of defendants-appellants and third-party plaintiffs-appellants to dismiss the complaint, and which granted plaintiffs-respondents leave to amend their complaint as directed in a prior order of the court, unanimously affirmed, without costs.

A prior action between the same parties or their predeces-

sors in interest resulted in an order embodying a stipulation of settlement. Pursuant to said order and stipulation of settlement, plaintiffs executed releases and agreed that no further action would be brought against defendant 650 Park Avenue Corporation or third-party defendant's predecessor, with respect to noise levels, "unless there is a substantial increase in the noise level above the noise level as set forth in plaintiff's acoustical report". Furthermore, the court directed that any issue relating to "substantial increase in the noise level" would be resolved by submission to the American Arbitration Association. In the instant verified complaint, plaintiffs seek further damages, resulting from the noise emanating from the garage. The Park Avenue defendants and Cross & Brown answered and commenced a third-party action against 67th and Park Corp.

The motion and cross motion to dismiss, based upon the 1978 order, were properly denied. Plaintiff adequately stated a cause of action in his amended verified complaint, as supplemented by plaintiff's affidavit in which he alleged noise levels above the range set forth in the acoustical report. That plaintiff did not specify audiometric reading levels sufficient to establish the claim is irrelevant for the sole criterion on such a motion when evidentiary material has not been considered is whether plaintiff has stated a cause of action, not whether he has one. *(Guggenheimer v Ginzburg,* 43 NY2d 268, 275.) Collateral estoppel is inapplicable, since the instant action presents an issue as to whether noise levels have substantially increased over a level fixed in the prior order.

Further, we find that the delay of 4½ years in the assertion of the defense of arbitration is inconsistent with that right and in the instant case constituted a waiver of such right *(see, De Sapio v Kohlmeyer,* 35 NY2d 402, 405). Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.