■ FRANK M. NISHIO et al., Respondents, v E. F. HUTTON & COMPANY, INC., Appellant.—Order, Supreme Court, New York County (Francis Pecora, J.), entered on or about February 14, 1990, which denied defendant's motion pursuant to CPLR 7503 (a) to compel arbitration and to stay the underlying action pending completion of arbitration, unanimously affirmed, with costs.

The IAS court properly determined that the defendant, a New York securities firm, had waived its right to compel arbitration by its affirmative use of the judicial process in a dispute with its customer. It is well settled that the right to arbitration, like contract rights generally, may be modified, waived or abandoned. *(Sherrill v Grayco Bldrs.,* 64 NY2d 261, 272.)

Although not every foray into the courthouse effects a waiver of the right to arbitrate, nevertheless, where a defendant's participation in litigation "manifests an affirmative acceptance of the judicial forum, with whatever advantages it may offer in the particular case, his actions are then inconsistent with a later claim that only the arbitral forum is satisfactory." *(De Sapio v Kohlmeyer,* 35 NY2d 402, 405.) Here, defendant demanded a complaint, obtained an extension of time to answer the complaint and then served an answer with counterclaims, sought discovery of documents, and waited more than one year before seeking a stay, all of which evidenced a waiver of the right to arbitrate. *(Sherrill v Grayco Bldrs.,* 64 NY2d, *supra,* at 272; *De Sapio v Kohlmeyer,* 35 NY2d, *supra,* at 405.) Concur—Ellerin, J. P., Wallach, Smith and Rubin, JJ.