■ In the Matter of PATRICIA GOLDSBOROUGH, Respondent, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Appellant. [628 NYS2d 813] —In a proceeding pursuant to CPLR 7511 to vacate an arbitration award, dated November 4, 1992, the New York State Department of Correctional Services appeals from a judgment of the Supreme Court, Orange County (Silverman, J.), dated January 20, 1994, as amended July 15, 1994, which granted the petition, vacated the award, and remitted the matter for a new arbitration hearing.

Ordered that the appeal from the judgment dated January

20, 1994, is dismissed, as that judgment was superseded by the amended judgment dated July 15, 1994; and it is further,

Ordered that the amended judgment dated July 15, 1994, is reversed, on the law, the judgment dated January 20, 1994, is vacated, the arbitration award is reinstated and confirmed, and the proceeding is dismissed; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner was charged with violating certain rules of her employment. Pursuant to the parties' collective bargaining agreement, the matter was submitted to arbitration and, after a hearing, the arbitrator sustained the charges and the petitioner was dismissed. She thereafter commenced this proceeding pursuant to CPLR 7511 to vacate the arbitration award, contending, *inter alia*, that the arbitrator failed to follow proper procedures and erroneously curtailed her right of cross-examination by refusing to direct pre-arbitration disclosure as she requested. The Supreme Court agreed and vacated the award. We reverse.

The petitioner waived the discovery issue by participating in the arbitration without further protest and without seeking the appropriate remedy of court-ordered disclosure or a judicial subpoena (*see*, CPLR 7506 [f]; *Matter of Smith Contr. v Stahl*, 162 AD2d 688; *Matter of Pierre [General Acc. Ins.]*, 100 AD2d 705; *see generally, Matter of Silverman [Benmor Coats]*, 61 NY2d 299). In any event, her contention is patently without merit, inasmuch as it is firmly established that "[u]nder the CPLR, arbiters do not have the power to direct the parties to engage in disclosure proceedings" (*De Sapio v Kohlmeyer*, 35 NY2d 402, 406; *see, Sherrill v Grayco Bldrs.*, 64 NY2d 261, 273-274; *Matter of North Am. Foreign Trading Corp. v Rosen*, 58 AD2d 527), and it was instead incumbent upon the petitioner to seek an order directing disclosure in the Supreme Court based upon a showing of extraordinary circumstances (*see*, CPLR 3102 [c]; *see, e.g., Hendler & Murray v Lambert*, 147 AD2d 442; *Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility*, 103 AD2d 1000; *Matter of Moock v Emanuel*, 99 AD2d 1003; *Matter of Katz v State of N. Y. Dept. of Correctional Servs.*, 64 AD2d 900).

We have considered the petitioner's remaining contentions and find them to be devoid of both factual support (*see, Matter of Broderick v Suffolk County Bar Assn.*, 157 AD2d 780) and legal merit.

Accordingly, the petitioner has failed to sustain her burden for vacating the award pursuant to CPLR 7511, and the arbitration award is reinstated and confirmed. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.