■ CONGREGATION DARECH AMUNO, Respondent-Appellant, v STANLEY BLASOF, Appellant-Respondent, and ESTHER BLASOF et al., Respondents. [640 NYS2d 564] —Order, Supreme Court, New York County (Angela Mazzarelli, J.), entered on or about June 22, 1994, which in an action by plaintiff synagogue to permanently enjoin congregant defendants from entering its premises, granted plaintiff's motion for a preliminary injunction to that effect, and granted a cross motion by one of the defendants to compel arbitration before a Beth Din, a religious tribunal, unanimously affirmed, without costs.

The IAS Court correctly held the dispute to be arbitrable before a Beth Din by reason of plaintiff's agreement settling another, unrelated matter, which provided that "[a]ny controversy hereafter related to the governance of the Synagogue or the conduct of individual members * * * shall be decided * * * by a 'Beth Din' ". The agreement was clearly intended to apply prospectively, and to disputes like this involving claimed disorderly conduct of congregants. There is no merit to plaintiff's claim that defendants' opposition to its motion for a preliminary injunction and appeal from the grant

thereof are uses of judicial process indicative of a waiver of any right to arbitrate, given that the court is authorized to grant such an injunction even while an arbitration is pending (CPLR 7502 [c]; *see, De Sapio v Kohlmeyer*, 35 NY2d 402, 405). Nor did defendants' failure to commence an arbitration constitute an abandonment of their right to arbitrate, the wording of the prior settlement agreement being unclear as to who had this responsibility—that is, whether plaintiff needs approval from a Beth Din to enforce its decisions relating to the conduct of individual members, or whether individual members need to appeal to a Beth Din to overturn plaintiff's decisions. We also agree with the IAS Court that the Beth Din award purporting to grant plaintiff permission to proceed against defendants in secular court is unenforceable in that it is vague, pertains only to two of the defendants herein, refers to an unidentified dispute, and predates the acts of alleged misconduct forming the basis of the dispute.

The preliminary injunction against defendant-appellant worshipping at plaintiff's premises was amply warranted by the evidence, including the common obscenity appellant repeatedly shouted to plaintiff's president in the presence of young children, among others, which was hardly innocuous or inoffensive considering the context in which and the audience to which it was uttered. If the Beth Din ultimately rules that defendants' alleged misconduct warrants their expulsion from the synagogue, the award would have little meaning if, in the meantime, defendants' continued misconduct drives away the synagogue's other members or otherwise dooms its continued vitality (CPLR 7502 [c]; *see, Matter of Toal v Brown*, 181 AD2d 581, *lv denied* 80 NY2d 758). Concur—Ellerin, J. P., Wallach, Kupferman and Williams, JJ.