■ In the Matter of TRAVELERS INDEMNITY COMPANY, Respondent, v UNITED DIAGNOSTIC IMAGING, P.C., Appellant. [899 NYS2d 641]—

In a proceeding pursuant to CPLR article 75 to temporarily stay arbitration of certain claims for no-fault benefits to allow for disclosure in aid of arbitration, United Diagnostic Imaging, P.C., appeals (1) from an order of the Supreme Court, Nassau County (Galasso, J.), entered June 26, 2009, as amended September 16, 2009, which granted the petition, and (2), as limited by its brief, from so much of an order of the same court entered September 16, 2009, as denied that branch of its cross motion which was for leave to reargue the petition.

Ordered that the appeal from the order entered September 16, 2009, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order entered June 26, 2009, as amended, is reversed, on the law, on the facts, and in the exercise of discretion, the petition is denied, and the proceeding is dismissed; and it is further,

Ordered that one bill of costs is awarded to United Diagnostic Imaging, P.C.

A court should only order disclosure to aid in arbitration pursuant to CPLR 3102 (c) if "extraordinary circumstances" exist

(*De Sapio v Kohlmeyer*, 35 NY2d 402, 406 [1974]). Hence, that relief is "sparingly" granted (*De Sapio v Kohlmeyer*, 35 NY2d at 406; *see Matter of Katz v State of N.Y. Dept. of Correctional Servs.*, 64 AD2d 900 [1978]; *Matter of Jamaica Hosp. v Vogel & Strunk*, 57 AD2d 843 [1977]).

The test for ordering disclosure to aid in arbitration is "necessity," as opposed to "convenience" (*Hendler & Murray v Lambert*, 147 AD2d 442, 443 [1989]). Thus, court-ordered disclosure to aid in arbitration is justified only where that relief is "absolutely necessary for the protection of the rights of a party" to the arbitration (*Hendler & Murray v Lambert*, 147 AD2d at 443 [internal quotation marks omitted]).

Here, the petitioner already has evidence sufficient to establish a potential defense in the arbitration proceedings (*cf.* 11 NYCRR 65-1.1 [d]; 65-3.2 [c]; 65-3.5 [b], [c], [e]). Furthermore, the petitioner can potentially obtain the requested disclosure in the context of those proceedings (*see* 11 NYCRR 65-4.5 [o] [2]; *cf. Matter of Katz [Burkin]*, 3 AD2d 238, 238-239 [1957]). Finally, the record provides no indication that if a disclosure directive is made during those proceedings, the requested disclosure will, at that point, be unavailable (*cf. Bergen Shipping Co., Ltd. v Japan Marine Servs., Ltd.*, 386 F Supp 430, 435 n 8 [1974]). Under the circumstances, the petitioner failed to demonstrate the existence of extraordinary circumstances justifying court-ordered disclosure to aid in those proceedings. Accordingly, the Supreme Court improvidently exercised its discretion in granting the petition. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.