# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1295**
**CA 12-00938**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

AXA EQUITABLE LIFE INSURANCE COMPANY, AXA
NETWORK, LLC AND AXA ADVISORS, LLC,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

RICHARD KALINA, PATRICK LYNCH, CARL DATTELLAS,
GARY CRONISER, WILLIAM ZAIKA, CHRISTOPHER KEEGAN
AND DIVERSIFIED WEALTH STRATEGIES, LLC,
DEFENDANTS-APPELLANTS.
(APPEAL NO. 1.)

---

PADUANO & WEINTRAUB, NEW YORK CITY (LEONARD WEINTRAUB OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

HANCOCK ESTABROOK, LLP, SYRACUSE (JOHN T. MCCANN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered July 11, 2011. The order, insofar as appealed from, granted the cross motion of plaintiffs to expedite discovery.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the cross motion is denied.

Memorandum: Plaintiffs, which are financial services firms, commenced this breach of contract action against the individual defendants, who are former financial advisors for plaintiffs, and defendant Diversified Wealth Strategies, LLC, the limited liability corporation formed by the individual defendants. Defendants moved to stay the action and to compel arbitration before the Financial Industry Regulatory Authority (FINRA) on the ground that plaintiff AXA Advisors, LLC (AXA Advisors) was a FINRA member firm and the individual defendants were all FINRA representatives, thus rendering arbitration mandatory. Plaintiffs cross-moved to dismiss the claims of AXA Advisors pursuant to CPLR 3217 (b) or, in the alternative, for expedited discovery prior to the submission of those claims to arbitration. In appeal No. 1, defendants appeal from an order that granted the motion but also granted the cross motion seeking the alternative relief of expedited discovery. In appeal No. 2, defendants appeal from an order denying their motion for leave to reargue and granting plaintiffs' cross motion to compel discovery. In

appeal No. 3, defendants appeal from an order denying their motion for a protective order, granting plaintiffs' further cross motion to compel discovery, and sua sponte staying the pending FINRA arbitration until Supreme Court was satisfied that discovery was completed.

Addressing first appeal No. 1, we agree with defendants that the court erred in granting the cross motion seeking, in the alternative, to expedite discovery prior to the submission of claims of AXA Advisors to arbitration. A court may order disclosure "to aid in arbitration" (CPLR 3102 [c]), but there must exist " 'extraordinary circumstances' " to warrant court-ordered disclosure (*De Sapio v Kohlmeyer*, 35 NY2d 402, 406; *see Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C.*, 73 AD3d 791, 791-792; *Matter of Goldsborough v New York State Dept. of Correctional Servs.*, 217 AD2d 546, 547, *appeal dismissed* 86 NY2d 834). It is contemplated that disclosure devices will be used sparingly in arbitration and, indeed, "[t]he availability of disclosure devices is a significant differentiating factor between judicial and arbitral proceedings" (*De Sapio*, 35 NY2d at 406). "The test is necessity rather than convenience" (*Matter of State Farm Mut. Auto. Ins. Co. v Wernick*, 90 AD2d 519, 519; *see International Components Corp. v Klaiber*, 54 AD2d 550, 551). Here, plaintiffs failed to establish extraordinary circumstances to require discovery prior to arbitration (*see Matter of Progressive Specialty Ins. Co. v Alexis*, 90 AD3d 933, 933-934). They made no showing that the discovery that they are allowed under the FINRA rules would be inadequate for them to establish their case (*see Travelers Indem. Co.*, 73 AD3d at 792; *International Components Corp.*, 54 AD2d at 551).

With respect to appeal No. 2, we dismiss the appeal from the order insofar as it denied leave to reargue inasmuch as no appeal lies from such an order (*see generally Lindsay v Funtime, Inc.*, 184 AD2d 1036, 1036; *Empire Ins. Co. v Food City*, 167 AD2d 983, 984). With respect to the remainder of the order, we agree with defendants that, in light of our determination in appeal No. 1, the court erred in granting the cross motion to compel discovery. We therefore modify the order in appeal No. 2 accordingly.

With respect to appeal No. 3, plaintiffs contend as a preliminary matter that the appeal should be dismissed as time-barred. Defendants had until May 11, 2012 in which to take an appeal, i.e., 35 days after being served by mail on April 6, 2012 with a copy of the order with notice of entry (*see* CPLR 2103 [b] [2]; 5513 [a]). An appeal is taken by serving the notice of appeal on the opposing party and filing the notice of appeal (*see* CPLR 5515 [1]). A complete failure to comply with CPLR 5515 deprives this Court of jurisdiction to entertain the appeal (*see Dalton v City of Saratoga Springs*, 12 AD3d 899, 899). Where, however, the "appellant either serves or files a timely notice of appeal . . . , but neglects through mistake or excusable neglect to do another required act within the time limited, the court . . . may grant an extension of time for curing the omission" (CPLR 5520 [a]). Here, the record establishes that the notice of appeal was not filed until June 1, 2012, and was therefore untimely, but the record does not indicate when the notice of appeal was served on plaintiffs. The

record is therefore inadequate to enable us to review plaintiffs'
contention.  In light of our determination in appeal No. 1 that
extraordinary circumstances did not exist here, we conclude that the
court erred in granting the cross motion to compel discovery and that
the stay of the pending arbitration should be vacated.  Defendants'
motion for a protective order is moot.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court