OPINION OF THE COURT
Jeffrey S. Sunshine, J.
Introduction
This court is called upon to determine if extraordinary cir *392 cumstances exist to warrant discovery prior to arbitration. Upon the foregoing papers in this postjudgment matrimonial action, the plaintiff moved by order to show cause dated June 20, 2013, seeking (1) disclosure pursuant to Civil Practice Law and Rules § 3102 (c), in particular (a) copies of all federal, state and city tax returns, including any 1099, W-2 and K-l for 2010 through 2012; (b) checking and savings account statements for the years 2011 and 2012; and (c) copies of all financial statements, including balance sheets and operating statements of any corporation, business, proprietorship, partnership, professional practice, joint venture or syndicate of which the defendant was or is a shareholder, partner, participant, principal or member; (2) a verified affidavit of net worth in conformity with Domestic Relations Law § 236 (B) (4).
Factual and Procedural Background
The parties entered into a stipulation of settlement on December 30, 2003, wherein they agreed that, inter alia,
“TWENTY-FIRST: On all controversies, disputes, or interpretation of this agreement, the parties shall appear before [the] Rabbi . .[*] to arbitrate. The parties acknowledge that they have already signed an arbitration agreement, whereby they agreed to abide by [the] Rabbi[’s] . . . decisions. Said arbitration agreement is still in effect now and in the future. The parties, by their signatures on this agreement, do [hereby] confirm said arbitration agreement to be in effect and that they will abide by [the] Rabbi[’s] . . . decisions.”
Thereafter, the judgment of divorce, signed by the Honorable Joseph Silverman on January 29, 2004, stated, inter alia, that “the agreement/stipulation dated December 30, 2003, a copy of which is attached, and incorporated by reference into this judgment shall survive and not merge into this judgment.” The parties’ stipulation was incorporated but did not merge into the judgment of divorce.
The plaintiff brought an order to show cause, dated October 26, 2012, seeking a stay of the arbitration proceeding before the arbitrator and disqualification of him as an arbitrator. The defendant opposed the application and filed a cross motion to compel the plaintiff to continue with arbitration. The court heard oral argument on the parties’ applications on December *393 4, 2012. The plaintiffs request for a stay of the arbitration was granted to the extent that it stayed arbitration of the issues of custody and visitation and denied the request to stay arbitration on all financial issues by an order of this court dated December 24, 2012. The plaintiff, thereafter, filed a notice to appeal in the Appellate Division, Second Department on February 28, 2013. The Appellate Division, Second Department denied plaintiffs motion to stay arbitration pending the appeal on March 13, 2013 (see Weisz v Weisz, 2013 NY Slip Op 67239[U], *1 [2d Dept, Mar. 13, 2013] [“Motion by the appellant, inter alia, to stay enforcement of an order of the Supreme Court, Kings County, dated December 24, 2012, pending hearing and determination of an appeal therefrom. Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is ORDERED that the motion is denied”]); and on November 15, 2012 (see Weisz v Weisz, 2012 NY Slip Op 90410[U], *1 [2d Dept, Nov. 15, 2012] [“Motion by the plaintiff for leave to appeal to this Court from an order of the Supreme Court, Kings County, dated October 26, 2012, and to stay a certain arbitration between the parties, pending hearing and determination of the appeal”]).
Plaintiff brought a motion before this court for leave to renew and reargue which was denied on April 30, 2013. Plaintiffs application to prosecute this matter as a poor person was also granted on April 30, 2013. Most recently, the Appellate Division, Second Department granted the respondent’s (defendant’s) application to enlarge the time to serve and file a brief. The respondent’s brief must be served and filed on or before October 28, 2013 (see Weisz v Weisz, 2013 NY Slip Op 86991[U] [2d Dept, Oct. 2, 2013]).
The issues before the arbitrator relate to an upward modification of child support, child support arrears, unreimbursed medical arrears, child support statutory add-on arrears, tutor expenses and spousal support. In furtherance of this arbitration, the parties exchanged their 2012 federal tax returns. The defendant’s 2012 federal tax return, annexed as exhibit B to plaintiffs order to show cause, reflects a total negative income in the amount of -$175,423.
Plaintiff contends that the 2012 federal tax return provided by the defendant is simply insufficient. Plaintiff avers that defendant is self-employed and “self employed individuals have the ability to under report, hide and manipulate their true income.” In an effort to make an accurate determination on ac *394 cordance of the Child Support Standards Act (see Domestic Relations Law § 240 [1-b]), plaintiff avers that the “tailored” discovery requested in the order to show cause is necessary in this case.
Defendant does not controvert any facts alleged by plaintiff. Defendant contends that the issues raised by plaintiff should be addressed to the arbitrator. He further avers that plaintiff failed to demonstrate the existence of extraordinary circumstances to justify court ordered discovery in an arbitration. The defendant states that
“[t]he ‘convenience’ which plaintiff claims is not a basis for the intervention of this court. . . . Should issues arise during the [course of] testimony, the arbitrator can require production of documents which he feels (and in compliance with civil law) are necessary to aid in his determination of the issues before him, being mindful that the decision is potentially subject to judicial scrutiny.”
Discussion
The Court of Appeals has enunciated the standard of discovery in an arbitration proceeding. In De Sapio v Kohlmeyer (35 NY2d 402, 406 [1974]), the Court of Appeals held that
“[t]he availability of disclosure devices is a significant differentiating factor between judicial and arbitral proceedings. ‘It is contemplated that disclosure devices will be sparingly used in arbitration proceedings. If the parties wish the procedures available for their protection in a court of law, they ought not to provide for the arbitration of the dispute.’ (8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7505.06, pp. 75-101.) Under the CPLR, arbiters do not have the power to direct the parties to engage in disclosure proceedings. (Par. 7505.06.) While a court may order disclosure ‘to aid in arbitration’ pursuant to CPLR 3102 (subd. [c]), it is a measure of the different place occupied by discovery in arbitration that courts will not order disclosure ‘except under extraordinary circumstances’. (Matter of Katz [Burkin], 3 A D 2d 238, 238-239.)”
More recently, the Appellate Division, Second Department, in Matter of Progressive Specialty Ins. Co. v Alexis (90 AD3d 933, 933-934 [2d Dept 2011]), held that
“[t]he Supreme Court properly denied that branch *395 of the petition which was to direct disclosure in aid of arbitration pursuant to CPLR 3102 (c), as the petitioner failed to demonstrate that ‘extraordinary circumstances’ existed such that this relief would be absolutely necessary for the protection of its rights (De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974] [internal quotation marks omitted]; see Matter of Government Empls. Ins. Co. v Morris, 83 AD3d 709, 710 [2011]; Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C., 73 AD3d 791, 791-792 [2010]).”
When calculating child support, there is a three-step statutory analysis that must be conducted.
“Under the first step of the analysis, a court must determine the parties’ combined parental income (see Matter of Cassano v Cassano, 85 NY2d 649, 653 [1995]). . . .
“Under the second step of the analysis, pursuant to Domestic Relations Law § 240 (1-b) (c) (1), we multiply so much of the combined parental income up to $80,000.00 [now $136,000.00] ... by the applicable statutory child support percentage . . . (see Domestic Relations Law § 240 [1-b] [c] [2]; Matter of Cassano v Cassano, 85 NY2d at 653). We then allocate the resulting amount . . . between the parties according to their pro rata share of the combined parental income (see Domestic Relations Law § 240 [1-b] [c] [2]). . . .
“The third step in the analysis applies where . . . the combined parental income exceeds the applicable statutory limit of $80,000.00 [now $136,000.00]” (see Beroza v Hendler, 109 AD3d 498, 501-502 [2d Dept 2013]).
In the case at bar, extraordinary circumstances exist to warrant an order of discovery in an arbitration proceeding when taking into account the statutory scheme of Domestic Relations Law § 240 (1-b) when combined with the claim of a self-employed individual who provides a tax return showing an income of -$175,423. It is the second factor in the case at bar that creates an extraordinary circumstance, where the underlying statute requires an exact three-step calculation and the reason for a deviation must be articulated in a written opinion, if applicable.
*396 Although the defendant contends that this court, in Berg v Berg (20 Misc 3d 1142[A], 2008 NY Slip Op 51823[U], *9 [2008]), held
“[procedural matters regarding pleadings, disclosure and the manner in which the hearing is conducted are generally left to the discretion of the arbitrator (see Matter of Thompson [S.L.T. Ready-Mix, Div. of Torrington Indus.], 245 AD2d 911, 913 [1997]; see also Siu Chuen Chan v Continental Broker-Dealer Corp., 1 AD3d 297, 297 [2003]). Falling within the parameters of this discretion in the current matter are the errors . . . [in] the manner in which a disclosure dispute was handled and the refusal to permit certain rebuttal evidence.”
The defendant neglected to cite the following paragraph of said decision which stated
“ ‘It is firmly established that [u]nder the CPLR, arbiters do not have the power to direct the parties to engage in disclosure proceedings’ (De Sapio v Kohlmeyer, 35 NY2d 402, 406; see, Sherrill v Grayco Bldrs., 64 NY2d 261, 273-274; Matter of North Am. Foreign Trading Corp. v Rosen, 58 AD2d 527), and it was instead incumbent upon the petitioner to seek an order directing disclosure in the Supreme Court based upon a showing of extraordinary circumstances (see, CPLR 3102 [c]; see, e.g., Hendler & Murray v Lambert, 147 AD2d 442; Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility, 103 AD2d 1000; Matter of Moock v Emanuel, 99 AD2d 81003; Matter of Katz v State of NY Dept. of Correctional Servs., 64 AD2d 900).’
“(Goldsborough v New York State Dept. of Correctional Servs., 217 AD2d 546, 547 [1995], appeal dismissed 86 NY2d 83 [1995]; accord Kahn v New York Times Co., 122 AD2d 655, 663 [1986] . . . )” (20 Misc 3d 1142[A], 2008 NY Slip Op 51823[U], *10).
Accordingly, plaintiff’s application is granted for the reasons stated herein.
Conclusion
Plaintiff’s order to show cause seeking limited discovery is granted as it relates to copies of all federal, state and city tax returns, including any 1099, W-2 and K-l for 2010 through 2012; *397 checking and savings account statements for the years 2011 and 2012; copies of all financial statements, including balance sheets and operating statements of any corporation, business, proprietorship, partnership, professional practice, joint venture or syndicate of which the defendant was or is a shareholder, partner, participant, principal or member; and a verified affidavit of net worth in conformity with Domestic Relations Law § 236 (B) (4).

 The name of the arbitrator is intentionally omitted consistent with prior decision in this matter.