Matter of Allstate Ins. Co. (Twomey) (2021 NY Slip Op 05418)





Matter of Allstate Ins. Co. (Twomey)


2021 NY Slip Op 05418


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


685 CA 20-01553

[*1]IN THE MATTER OF THE ARBITRATION OF ALLSTATE INSURANCE COMPANY, PETITIONER-APPELLANT, AND JAMES M. TWOMEY, RESPONDENT-RESPONDENT.






KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR PETITIONER-APPELLANT.
FINN LAW OFFICES, ALBANY (RYAN M. FINN OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered September 22, 2020. The order denied the petition seeking, inter alia, to stay arbitration. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding seeking to stay arbitration related to supplementary uninsured/underinsured motorist (SUM) coverage and to compel discovery in aid of arbitration pursuant to CPLR 3102 (c), Supreme Court did not err in denying the petition. The record here establishes that "petitioner . . . had ample time . . . within which to seek discovery of the respondent insured as provided for in the insurance policy, and unjustifiably failed to utilize that opportunity" to obtain the discovery now sought (Matter of Connecticut Indem. Ins. Co. [Laperla], 21 AD3d 1262, 1262-1263 [4th Dept 2005]; see Matter of Allstate Ins. Co. v Urena, 208 AD2d 623, 623 [2d Dept 1994]; cf. Matter of Liberty Mut. Ins. Co. v Almeida, 266 AD2d 547, 547-548 [2d Dept 1999]). Petitioner further failed to establish the extraordinary circumstances necessary to warrant court-ordered disclosure in aid of arbitration under CPLR 3102 (c) (see AXA Equit. Life Ins. Co. v Kalina, 101 AD3d 1655, 1656 [4th Dept 2012]; Matter of Progressive Specialty Ins. Co. v Alexis, 90 AD3d 933, 933-934 [2d Dept 2011]; see generally De Sapio v Kohlmeyer, 35 NY2d 402, 406 [1974]) and made no showing that the discovery that it is allowed in arbitration would be inadequate for it to establish its case (see AXA Equit. Life Ins. Co., 101 AD3d at 1656; Matter of Travelers Indem. Co. v United Diagnostic Imaging, P.C., 73 AD3d 791, 792 [2d Dept 2010]; International Components Corp. v Klaiber, 54 AD2d 550, 551 [1st Dept 1976]).
To the extent that petitioner argues that respondent's demand for arbitration was premature inasmuch as respondent had not complied with the terms of the endorsement for SUM coverage, that argument is not properly before us because petitioner failed to raise it before the court (see Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]). In any event, that contention lacks merit inasmuch as petitioner failed to demonstrate that respondent had failed to comply with the terms of the endorsement (cf. Matter of USAA Ins. Co. [Armstrong], 124 AD3d 1383, 1384 [4th Dept 2015], lv dismissed 27 NY3d 1048 [2016]). The court therefore properly denied the petition.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court