Neesemann v Mt. Sinai West (2021 NY Slip Op 05633)





Neesemann v Mt. Sinai West


2021 NY Slip Op 05633


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, González, Kennedy, Scarpulla, JJ. 


Index No. 100271/18 Appeal No. 14372 Case No. 2020-03577 

[*1]Cynthia Neesemann, Individually and as the Executor of the Estate of Samuel Eagle Friedar, Deceased, Plaintiff-Appellant,
v
Mt. Sinai West et al., Defendants, Kindred Hospital New Jersey-Wayne, Defendant-Respondent.


The Law Office of Bruce Levinson, Katonah (Bruce Levinson of counsel), for appellant.
Vaslas Lepowsky Hauss & Danke LLP, Staten Island (Edward F. Humphries of counsel), for respondent.



Order, Supreme Court, New York County (Martin Shulman, J.), entered on or about July 28, 2020, which granted the motion of defendant Kindred Hospital New Jersey-Wayne (Kindred) to compel mediation and/or arbitration, unanimously affirmed, without costs.
Plaintiff causes of action against Kindred for medical malpractice, violation of civil rights, gross negligence, personal injury, and loss of consortium are subject to an arbitration agreement between the parties. The record does not support plaintiff's claims that she did not sign the arbitration agreement, or alternatively that she was tricked into signing it. As the motion court noted, plaintiff's own statements concerning execution of the arbitration agreement are equivocal — she states that she did "not believe" that she put her name on the arbitration documents and that the signature on the arbitration signature page did "not appear" to be her signature. Further, Kindred submitted the unrebutted report of a forensic document examiner who concluded that the signature on the arbitration agreement belonged to plaintiff.
Further, plaintiff's argument, that Kindred may have slipped the signature page to the arbitration agreement into a packet of documents she was signing, so that it looked like the signature page to another document, is unsupported speculation. We note that the signature page of the admission agreement bears the heading of "ADMISSION AGREEMENT" in capital letters, and thus would not easily be confused with the arbitration agreement. Plaintiff also signed the admission agreement 12 days before she signed the arbitration agreement and the signature page of the arbitration agreement specifically acknowledged that she had the opportunity to consult with a representative from Kindred to explain or to clarify the agreement's terms.
Plaintiff's argument that Kindred waived any right to arbitrate by participating in the litigation also fails. Kindred did not contest the merits, but rather the court's personal jurisdiction over it (see De Sapio v Kohlmeyer, 35 NY2d 402, 405 [1974]). It also interposed an affirmative defense based on the arbitration agreement when it answered the complaint, which put plaintiff on notice of its intention to arbitrate. While Kindred served discovery demands when it answered the complaint, it did not participate in discovery, there were no depositions, and no preliminary conference order was entered. Thus, there was no waiver here (see id.; Nolan v DynCorp Intl. LLC, 108 AD3d 436, 437 [1st Dept 2013]).
Finally, plaintiff failed to show that she will be prejudiced by having to litigate the claims in different fora at the risk of conflicting verdicts. "The mere fact that plaintiffs named additional defendants, who are not signatories to the arbitration agreement, does not foreclose [a defendant's] right to enforce arbitration" (Minogue v Malhan, 178 AD3d 447, 448 [1st Dept 2019]). The court properly exercised its discretion in finding that numerous co[*2]-defendants had treated decedent at separate and distinct times and those claims were not so intertwined with her claims against Kindred as to result in prejudice and/or to warrant a stay of all proceedings (id.).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021